[No. B114279. Second Dist., Div. Six. Dec. 21, 1998.]

SARAH DENISE FAVORITE, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

## COUNSEL

Jeffrey E. Estes & Associates and Brad Jacobs for Plaintiff and Appellant.

Pollak, Vida & Fisher, Girard Fisher and Daniel P. Barer for Defendant and Respondent.

## OPINION

**GILBERT, Acting P. J.**—The time within which to file a late claim against a governmental entity is tolled if the claimant is mentally incapacitated and does not have a conservator. (Gov. Code, § 911.4.)[1] Here we hold the statute is tolled even if a mentally incapacitated claimant has a conservator when the conservator does not and could not have known of the claim.

Sarah Denise Favorite (Favorite) appeals from an order denying her petition to file a late claim against the County of Los Angeles (County) under sections 945.4 and 911.4, subdivision (b). Because Favorite timely filed her petition for relief from denial of her late claim, we reverse and remand with directions to the trial court to conduct further proceedings consistent with this opinion.

### FACTS

Favorite has a long history of mental illness. On October 11, 1994, the Los Angeles County Mental Health Department committed her to Therapeutic Residential Center (TRC), a facility of County. She was released on February 15, 1995. Her mother has been her conservator at all relevant times. Favorite took numerous psychotropic medications during her commitment and until approximately April 1996. Favorite alleges that while residing at TRC, an orderly sexually harassed and assaulted her.

On July 18, 1996, Favorite filed a claim for damages against County for the alleged assaultive behavior. County denied and returned the claim on

---

[1]All statutory references are to the Government Code.

July 25, 1996, because she did not file it within six months of its accrual. (§§ 911.2, 945.4.)

On August 5, 1996, Favorite filed an application for leave to present a late claim on the ground she was unable to appreciate the nature of the sexual misbehavior nor could she communicate about it because she had been taking psychotropic medications. (§§ 911.4,[2] 911.6.)

Favorite presented the application for leave to file the late claim more than one year after the accrual of the cause. On August 9, 1996, County denied the application.

Section 945.4 precludes a suit for damages against a public entity unless a timely written claim has been presented to the public entity in accordance with other provisions of the Government Code. Section 946.6 provides relief from the provisions of section 945.4.[3]

On February 7, 1997, Favorite timely filed the instant petition for an order to relieve her from the requirements of section 945.4.[4] Favorite argued that she is entitled to relief from the limitations period due to her mental incapacity and the heavy regimen of psychotropic drugs she took until April 1996. She provided no declaration from her conservator. The trial court denied her petition for relief because Favorite was represented by a conservator during the entire period at issue and because it thought the petition was untimely.

---

[2]Section 911.4 provides, in pertinent part, "(a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within such time, a written application may be made . . . for leave to present such claim. [¶] (b) The application shall be presented . . . within a reasonable time not to exceed one year after the accrual of the cause of action . . . . In computing the one-year period[,] . . . [the] time during which the person who sustained the alleged injury . . . is mentally incapacitated and does not have a guardian or a conservator of his [or her] person shall not be counted."

[3]Section 946.6 states, in pertinent part, "The petition shall be filed within six months after the application to the board [to file late claim] is denied or deemed to be denied pursuant to Section 911.6. [¶] (c) The court shall relieve the petitioner from Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied . . . pursuant to Section 911.6 and that one or more of the following is applicable: [¶] (1) The failure to present the claim was through mistake, inadvertence, surprise, or excusable neglect unless the public entity establishes that it would be prejudiced . . . . [¶] . . . [¶] (3) The person who sustained the alleged injury . . . was . . . [¶] . . . mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of that disability failed to present a claim during that time."

[4]Counsel inexplicably did not include this petition in the record but attached it as an exhibit to the petition for rehearing.

The trial court stated, "I just cannot understand the delay that's taken in this matter. *And* also it appears that Ms. Favorite had a conservator handle her affairs at the time that she was taking this medication. The conservator should have realized the potential claim that the plaintiff had and done something about it within that time." (Italics added.) This appeal ensued.

## DISCUSSION

■ On appeal from the denial of a petition for relief from the provisions of section 945.4 pursuant to section 946.6, the standard of review is abuse of discretion. (*Bettencourt* v. *Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275 [228 Cal.Rptr. 190, 721 P.2d 71].) "[T]he trial court's discretion to grant relief is not 'unfettered.' [Citation.] It is ' "to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." ' [Citation.]" (*Ibid.*)

■ We independently construe statutes to ascertain and effectuate legislative intent. (*City of San Jose* v. *Superior Court* (1993) 5 Cal.4th 47, 54 [19 Cal.Rptr.2d 73, 850 P.2d 621].) Typically, we refer to the plain meaning of the words used to ascertain the Legislature's intent. But when a literal reading of a statute would yield an absurd result, we must give effect to the apparent objective of the statute. (*Kagy* v. *Napa State Hospital* (1994) 28 Cal.App.4th 1, 6 [33 Cal.Rptr.2d 741].)

■ Favorite argues that relief should be granted here because it is impossible that her mother, the conservator here, knew or could have known of the injuries she suffered in time to file the claim or a late claim. The injuries she allegedly suffered were not obvious physical injuries or economic injuries that a diligent conservator could notice. She contends that she was unable to appreciate or communicate her injuries during the entire time she was medicated. Favorite opines that the trial court erred in denying her relief merely because she had a conservator.

If a conservatee is mentally incapacitated and is under a heavy regimen of medication, it is unreasonable to assume that her conservator knew or should have known that the conservatee, while drugged, had suffered a sexual assault at a hospital. Under such circumstances, the conservatee is effectively in the same position as if she had no conservator. The conservatee could just as well have been comatose. The tolling provisions of section 911.4 apply.

Tolling may have been appropriate at least up until April 1996. On July 18, 1996, within two months of being taken off her heavy medication

regime, Favorite filed her claim. Soon after County denied her claim, Favorite filed her application for late claim on August 5, 1996. County denied the claim on August 9, 1996.

Strict construction of the claim and late claim statutes here would yield absurd results. It would bar the claim of mentally incapacitated or even comatose patients in hospitals merely because they have a conservator. (See generally, *Meaney* v. *Sacramento Housing & Redevelopment Agency* (1993) 13 Cal.App.4th 566, 580-581 [16 Cal.Rptr.2d 589].) Under such facts, it is unreasonable to expect the conservator to timely file the initial claim.

In *Kagy* v. *Napa State Hospital, supra,* 28 Cal.App.4th 1, a minor with a high risk for suicide swallowed a sharp pencil which had been given to her by a hospital employee. Kagy was mentally incompetent and was represented by the public guardian. Kagy failed to present her claim for negligence within the six-month period prescribed by section 911.2. The state denied her application for leave to present a late claim because she failed to file her application within the one-year time limit set forth in section 911.4. She timely filed a petition with the superior court for relief from the requirement of filing a claim pursuant to section 946.6, subdivision (a).

*Kagy* considered whether the tolling provisions of section 911.4 applied to the circumstances presented there. It explained that "[t]he rationale behind its tolling provisions . . . compels the conclusion that the time period should be tolled for any time during which the claimant's only representative is the public guardian or other conservator of the person—at least when such guardian or conservator lacks the authority to prosecute the claim." (*Kagy* v. *Napa State Hospital, supra,* 28 Cal.App.4th at p. 6.)

*Kagy* concluded "that the one-year period for filing an application to file a late claim will be tolled for any period during which the claimant is mentally incapacitated and has no conservator or guardian other than one lacking the authority to prosecute the claim." (*Kagy* v. *Napa State Hospital, supra,* 28 Cal.App.4th at pp. 6-7.) *Kagy* viewed the public guardian, as conservator of the person, to be unable to represent the claimant's interests during a significant period of time. (*Id.,* at p. 7.) The public guardian had no power to file a claim on the claimant's behalf and had "no apparent interest in doing so." (*Ibid.*) In addition, the public guardian "may not even have had notice of [the claimant's] injuries." (*Ibid.*)

Here, by contrast, Favorite's private conservator, her mother, would have the interest and the ability to file claims on her behalf, but, like the public guardian in *Kagy*, her mother could not have done so without notice of her

daughter's injuries. Assuming Favorite's contentions to be true, such notice would not have occurred until sometime after Favorite had been released from a mental institution and her medication regime stopped.

As in *Kagy*, Favorite timely filed the instant petition for relief on February 7, 1997, within the mandatory six-month limit stated in section 946.6.

Doctor Richard Delaplaine was Favorite's treating physician during 1993 and 1994 at a County facility where he was employed. He saw her upon her discharge in February 1995. He submitted a declaration stating that he had prescribed drugs during 1995 to counteract the zombie-like state and lack of control frequently suffered by patients taking the psychotropic drugs prescribed to Favorite. Based on his prior treatment of Favorite, he opined that she "was able to think for herself and make her own decisions during her period of treatment at Compton Mental Health Clinic from February 1995 through August 1995." He concluded that there is no medical evidence to show that "she was unable to appreciate and crystallize the assaults."

Favorite declared she has chronically suffered from uncontrollable mental illness requiring her to take numerous psychotropic drugs in an institutional setting. She stated that at the time of the assault she felt "like a zombie" as a result of the drug regimen prescribed to her. She continued taking these drugs until sometime in April 1996. Only after she stopped taking these drugs did she begin to appreciate what had happened to her.

The record does not reveal whether the trial court considered and evaluated the declarations presented. On this record, it is speculation what the conservator knew or should have known. The trial court did not discuss the declarations but instead focused on the statute of limitations. The trial court had jurisdiction to grant the motion for relief, but did not do so because it decided that Favorite delayed in filing the petition and because she had a conservator at the time she was taking medication. The court also found that the conservator should have known about the claim. Under the circumstances here, even in the absence of a declaration from the conservator, there is no evidence she knew of the alleged assault. Nor should she be deemed to have known of the alleged assault. The trial court's denial of the petition was an abuse of discretion.

We remand the matter so that it may be heard anew with full consideration of all the facts and circumstances. The parties may present additional evidence they deem relevant, subject to the trial court's approval. We express no opinion on how the trial court should exercise its discretion.

The order is reversed so that the trial court may rehear the petition. The parties are to bear their own costs.

Yegan, J., and Coffee, J., concurred.