[No. B137358. Second Dist., Div. Three. Aug. 29, 2001.]

COUNTY OF LOS ANGELES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CRYSTAL B. et al., Real Parties in Interest.

1304

## COUNSEL

Collins, Collins, Muir & Traver, John J. Collins, Michael M. Bergfeld and Tomas A. Guterres for Petitioner.

No appearance for Respondent.

Pate & Pate and Linda Wallace Pate for Real Parties in Interest.

## OPINION

**CROSKEY, J.**—Real parties in interest Crystal B., Steven G., and Anita G. (hereinafter Minors) have asserted personal injury claims against County of Los Angeles (County) for the physical and psychological abuse they allegedly received while placed in foster care. County denied their application to file late tort claims under the relevant provisions of what is popularly, albeit

not officially, known as the California Tort Claims Act (the Act). (Gov. Code, § 810 et seq.)[1] Minors then petitioned the trial court to relieve them from the claim-filing requirements of the Act. They argued that accrual of their claims was tolled while they were dependent minors with no parents or guardians ad litem to represent them, and thus their claims were filed within a reasonable time under the Act. The trial court granted the petitions and allowed Minors to file a complaint against County.

County challenges this ruling, contending that even though Minors did not have a guardian ad litem while dependents of the court, the appointed independent counsel (IC), assigned by the juvenile court to act on their behalf by pursuing all potential tort claims against third parties, was the equivalent of a guardian ad litem.[2] Because the application to file late claims was not filed with County *within one year of the appointment of the IC*, County argues that Minors' claims are untimely, and thus the trial court erred in allowing them to file suit without having presented their claims.

For the reasons discussed below, we conclude that the trial court did not err, and made the appropriate disposition to allow Minors' civil suit against County to proceed.

### FACTUAL AND PROCEDURAL HISTORY[3]

Minors were removed from their parents' custody and control in 1991, and placed in the licensed foster home of Sandra Rodriguez. In 1996, they were returned to the physical custody of their parents, but their status as dependent minors did not end until January 23, 1998. In May 1997, while living with their parents but still wards of the juvenile court, Minors disclosed to their therapist that between 1991 and 1996, while in foster care, they had been the victims of serious abuse.[4] The therapist then notified County of Minors' allegations.

On January 7, 1998, pursuant to Welfare and Institutions Code section 317, subdivision (e), the juvenile court appointed IC for the then-still-dependent Minors. The order expressly stated that the IC were appointed

---

[1]The California Tort Claims Act is found at division 3.6 of title 1 of the Government Code. All further statutory references are to the Government Code, except as otherwise indicated.

[2]The appointment of counsel for the minors was made by the trial court pursuant to Welfare and Institutions Code section 317, subdivision (e).

[3]The following facts are taken from the clerk's transcript, and from the allegations of Minors' tort claim and complaint.

[4]The abuse allegedly included beatings and malnutrition, being forced to live in a house infested with cockroaches, and being infected by lice. Minor Crystal further claimed that she attempted suicide by an overdose of pills, was hospitalized, but then was returned to the Rodriguez home where she continued to suffer depression and anxiety. Minor Anita also claimed that Rodriguez's husband broke her hip when she was three years old, and that the injury required a body cast for eight weeks.

attorneys of record to represent Minors "in all potential third party personal injury . . . claims and probate matters on minor's [sic] behalf." The IC were required to "provide reports to both the court and Minors' dependency court attorney on the progress of the case on a regular basis." The court also ordered the department of children and family services (DCFS), county counsel, Minors' dependency court attorney, and the juvenile court clerk, to produce all records concerning Minors to the newly appointed IC.

Apparently, the IC never filed any claim or complaint on Minors' behalf. At some point, Minors obtained new counsel and, over one year later, on January 25, 1999, the new counsel filed an application with County requesting leave to present Minors' tort claims. The application alleged that, while in the licensed foster home of Sandra Rodriguez from 1991 to October 1996, Minors sustained a number of physical and mental injuries due to alleged abuse and neglect. The claim alleged that County was liable for Minors' injuries because of DCFS's negligent supervision and monitoring of the Rodriguez foster home. It also outlined Minors' history in terms of whose custody and control they had been under during the relevant time periods, and when and to whom Minors first revealed the abuse.

On March 11, 1999, County denied the application to present minors' tort claims as untimely. Minors petitioned the trial court for relief from the claim-filing requirements on October 5, 1999.[5] The trial court granted relief from the claim-filing requirement, stating that "[p]laintiffs presented their claims within one year of the accrual of their causes of action as required by Cal. Government Code Section 911.4(b). In computing the one-year period under this subdivision, the time during which Minors were mentally incapacitated and did not have a guardian or conservator is not counted . . . ."[6]

County then filed a petition for writ of mandate with this court to challenge the trial court's ruling. We issued a stay of all proceedings and an alternative writ of mandate. In response to the alternative writ, the trial court vacated its ruling and denied Minors' petitions. ■ Nevertheless, because the issue raised by the petition is of general public interest, likely to recur, and also likely to be dispositive of Minors' claims against other parties to the superior court action, we have retained jurisdiction and decide the issue despite the fact that the trial court vacated its earlier ruling in response to the alternative writ. (See *Davies v. Superior Court* (1984) 36 Cal.3d 291, 294

[5]Minors, by and through their mother acting as guardian ad litem, also filed a complaint in the superior court raising the same tort claims against County, Sandra Rodriguez, and numerous County employees, and others.

[6]The parties agree that Minors are not mentally incapacitated, to the extent such term implies mental retardation or some form of mental impairment not simply associated with lack of understanding because of an immature age.

[204 Cal.Rptr. 154, 682 P.2d 349] [reviewing court may exercise jurisdiction to resolve issue of public interest that is likely to recur even after trial court has complied with the alternative writ]; *In re William M.* (1970) 3 Cal.3d 16, 23-25 [89 Cal.Rptr. 33, 473 P.2d 737] [reviewing court has "inherent jurisdiction" to decide issues of broad public interest even though events occurring during the pendency of the case render the matter moot].)

CONTENTIONS ON APPEAL

▮▮▮ County contends that the trial court erred in granting the petitions because Minors failed to present their late claim application within one year of the accrual of their causes of action, and takes the position that Minors' causes of action accrued on January 7, 1998, the date IC was appointed. County further contends that the juvenile court appointed IC specifically to investigate and pursue potential third party personal injury actions and to protect Minors' interests, and thus the IC were the functional equivalent of a guardian.

Minors, on the other hand, argue that the time within which to present a claim was tolled until their dependency status was terminated on January 23, 1998. They contend that even though they had court-appointed IC to pursue their tort claims against County, it was necessary for the juvenile court also to appoint a guardian ad litem to prosecute any civil proceeding. In other words, according to Minors, the time within which they were required to act was tolled during the time that they had no parent or guardian legally authorized to act on their behalf. Thus, Minors claim that the trial court was correct in granting their application for relief from the claim-filing requirements.

DISCUSSION

### 1. *Time Within Which Claims Must Be Presented*

Under the Act (§ 810 et seq.), a person may sue a public entity for damages only if he or she first presents a claim to the public entity within six months of the claim's accrual, and if the entity has acted upon the claim or the claim is deemed rejected. (§§ 911.2 & 945.4; *Draper v. City of Los Angeles* (1990) 52 Cal.3d 502, 505 [276 Cal.Rptr. 864, 802 P.2d 367]; see also *Torres v. County of Los Angeles* (1989) 209 Cal.App.3d 325, 337 [257 Cal.Rptr. 211] [submission of a timely claim to a public agency is a condition precedent to a tort action].) Section 911.4, subdivision (a) provides that when a party has not filed a claim within the required six-month period, that party may file an application with the public entity for leave to present a late claim.

As to an application to file a late claim, section 911.4 further provides, in relevant part, "(b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) *within a reasonable time not to exceed one year after the accrual of the cause of action* and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application. [¶] (c) In computing the one-year period under subdivision (b), *time during which the person who sustained the alleged injury, damage, or loss as a minor shall be counted, but the time during which he or she is mentally incapacitated and does not have a guardian or conservator of his or her person shall not be counted.*" (Italics added.)[7]

### 2. *Minors' Application to Present Late Claims Was Presented Within One Year of the Accrual of Their Causes of Action, and Thus Was Timely*

It would be overly simplistic to conclude, based on the above quoted language of section 911.4, subdivision (c) that, pursuant to section 911.4, subdivision (b), the one-year time period within which to present an application to file a late claim is *not* tolled *simply* if the claimant is a minor, without regard to any other consideration, and that it *is* tolled simply if the claimant is any claimant, regardless of age, so long as the claimant is both mentally incapacitated and without a guardian or conservator. In fact, such is not the case.

It is not a claimant's minority, per se, nor the legal and practical impairment associated with minority, that affects the tolling. That is because "it is not the knowledge or lack thereof *of the minor* [as to the basis for a claim], but the knowledge or lack thereof *of the minor's parents* which determines the time of accrual of the cause of action." (*Whitfield v. Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588], italics added; accord, *Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1023-1024 [232 Cal.Rptr. 519, 728 P.2d 1154]; *Reyes v. County of Los Angeles* (1988) 197 Cal.App.3d 584, 592 [243 Cal.Rptr. 35].) And, as to claimants who are mentally incapacitated, even when a claimant has no "guardian or conservator," the time of accrual is not necessarily tolled; a mentally incapacitated *minor, in the custody and control of his or her parents*, is not excused from the requirement of filing an application for leave to file a late claim within one year of accrual, despite the lack of any guardian or conservator other than the minor's parents. (*Hernandez v. County of Los*

---

[7]Section 911.4 was amended in October 1999 to add subdivision (d), which provides further tolling of the one year period if the claimant "is detained or adjudged to be a dependent child of the juvenile court" and if certain conditions are met. Minors' counsel does not dispute that subdivision (d) is inapplicable in this case because it was enacted *after* Minors had filed their late claim and *after* County rejected it.

*Angeles, supra*, 42 Cal.3d at p. 1025 [claim was not timely filed on behalf of a mentally retarded minor; time not tolled despite lack of a guardian other than the minors' parents].) As the court in *Hernandez* recognized, "whenever a [nonmentally retarded] child is injured it is invariably the child's parents or guardian rather than the child who files a claim for recovery; since a parent or guardian is equally capable of filing a claim whether or not the injured child is mentally incapacitated, . . . the tolling provision was intended to apply only to mentally incapacitated *adults* who lack a guardian or conservator." (*Ibid.*, italics added.) The fact that a minor is not permitted to prosecute a claim through the courts without a guardian ad litem does not alter this result, and the time for filing a late claim is not tolled until the minor's parent is formally appointed guardian ad litem by a court. (*Id.* at pp. 1026-1027.)

In other words, the law regards any minor, mentally incapacitated or not, so long as he or she is in the custody and under the control of his or her parents, as being under the care of a guardian within the meaning of section 911.4, subdivision (c). But what of a minor who, whether or not mentally incapacitated, is *not* in the custody and under the control of his or her parents? Who then is authorized to act in the minor's interests in the same way as a parent or guardian?

 Here, of course, the viability of County's position depends upon our conclusion that independent counsel in general, and, in particular, the IC here, was authorized to act in these Minors' interests *in the same way, and as to the same scope*, as a parent or guardian. When the question presented by this petition is reduced to this simple issue, the answer becomes apparent: independent counsel, no more than any other provider of a specialized service, such as a doctor, dentist, or therapist, does not, and cannot, represent a minor's interests in the same way, and as to the same scope, as either a parent or guardian.

Here, Minors' parents had no legal right to custody and control of Minors until the dependency case ended on January 23, 1998. Nor, for that matter, did the IC have the legal right to Minor's custody and control. Officially, as dependent minors, Minors' legal custody and control was in the hands, metaphorically speaking, of the juvenile court, and, practically speaking, the juvenile court simply cannot personally monitor all the needs of the many dependents under its custody and control. It relies on the County, through the DCFS to discharge that function. It is patently obvious, however, that DCFS, as the department of County responsible for the proper care of Minors, was not a proper agency to oversee the IC appointed to investigate and consider whether to file litigation against such agency. Nor, for that matter, because

of this conflict of interest, would it have been appropriate even to expect County to bring the *need* for a guardian ad litem to the juvenile court's attention. (See *In re Marriage of Caballero* (1994) 27 Cal.App.4th 1139, 1149 [33 Cal.Rptr.2d 46].) Therefore, the juvenile court should have appointed a guardian ad litem to oversee the work being done by the IC, and it should have done so shortly before or after the IC was appointed.[8]

■ A guardian ad litem is an officer of the court appointing him or her (*Sarracino v. Superior Court* (1974) 13 Cal.3d 1, 13 [118 Cal.Rptr. 21, 529 P.2d 53]; *Torres v. Friedman* (1985) 169 Cal.App.3d 880, 887 [215 Cal.Rptr. 604]), and is essentially an agent of the court, whose duty it is to protect the rights of a minor. (*Torres v. Friedman, supra,* 169 Cal.App.3d at p. 887; *Berry v. Chaplin* (1946) 74 Cal.App.2d 652, 657 [169 P.2d 442].) The guardian ad litem has the right to control the litigation on behalf of the minor, subject to the court's approval. (*De Los Santos v. Superior Court* (1980) 27 Cal.3d 677, 683 [166 Cal.Rptr. 172, 613 P.2d 233]; *Torres v. Friedman, supra,* 169 Cal.App.3d at p. 887.) The guardian ad litem's powers include the right to compromise or settle the action (Code Civ. Proc., § 372, subd. (a)), to control the procedural steps incident to the conduct of the litigation (*Cloud v. Market Street Ry. Co.* (1946) 74 Cal.App.2d 92, 101-103 [168 P.2d 191]), and, with the approval of the court, to make stipulations or concessions that are binding on the minor, provided they are not prejudicial to the latter's interests. (*Robinson v. Wilson* (1974) 44 Cal.App.3d 92, 99-107 [118 Cal.Rptr. 569].) In other words, these cases teach that a guardian ad litem's role is *more than an attorney's* but less than a party's, in that the guardian oversees any attorney representing minor's litigation-related interests and may make tactical and even fundamental decisions affecting the litigation, but always with the interest of the minor in mind. (*In re Marriage of Caballero, supra,* 27 Cal.App.4th at p. 1149.)

■ County urges that the IC here were, for all intents and purposes, the equivalent of a guardian ad litem. As noted above, the juvenile court appointed IC pursuant to Welfare and Institutions Code section 317, subdivision (e) to represent Minors "in all potential third party personal injury . . . claims and probate matters on minor's [*sic*] behalf," and required IC to "provide reports to both the court and the minors' dependency court attorney

---

[8]As to the time frame within which a guardian should have been appointed, Code of Civil Procedure section 373, subdivision (a) only provides that a guardian ad litem must be appointed before a *summons* is issued. The obvious purpose for appointment of a guardian before a summons is issued is to make sure that the guardian is in place to review and oversee counsel's initial work on behalf of the minor. Therefore, it logically follows that when the filing of a *claim* is a prerequisite to bringing suit (and hence to the issuance of a summons), a guardian ad litem also must be appointed before any claim must be filed. (Civ. Code, § 3511 ["Where the reason is the same, the rule should be the same"].)

on the progress of the case on a regular basis." Welfare and Institutions Code section 317 gives the juvenile court authority to appoint counsel to represent "the parent, guardian, or child at the detention hearing and at all subsequent proceedings before the juvenile court." (§ 317, subd. (d).) The issue raised by County's argument is whether such appointment of IC takes the place of the appointment of an actual guardian ad litem to oversee the work of IC. We think not.

While it is true that Welfare and Institutions Code section 317, subdivision (e) currently provides, and provided at all relevant times, that appointed counsel "shall investigate the interests of the child *beyond the scope of the juvenile proceeding* and report to the court *other* interests of the child that may need to be protected by the institution of other administrative or judicial proceedings" (italics added), this duty imposed on IC cannot be said to charge IC with the same responsibilities as a guardian ad litem. In fact, in 1998, the Legislature added the following sentence to section 317, subdivision (e): "The attorney representing a child in a dependency proceeding is not required to assume the responsibilities of a social worker and is not expected to provide nonlegal services to the child." (Assem. Bill No. 2316 (1997-1998 Reg. Sess.), enacted as Stats. 1998, ch. 900, § 2.) In connection with amending section 317 to add this language, Assembly Bill No. 2316 noted that "[u]nder existing law, the attorney appointed to represent a dependent child is required to be given access to all records relevant to the case that are maintained by state or local public agencies. [¶] This bill would require all information requested from a child protective agency regarding a child who is in protective custody *or from a child's guardian ad litem*, to be provided to the child's counsel within 30 days of the request." (Legis. Counsel's Dig., Assem. Bill No. 2316 (1997-1998 Reg. Sess.) par. (2), italics added.) In other words, the Legislature has always seen counsel appointed under section 317 as being only *legal* counsel, and not as a replacement for either DCFS or a guardian ad litem.[9] In our view, this amendment was simply declarative of existing law.

---

[9]Nor is the case of *Akkiko M. v. Superior Court* (1985) 163 Cal.App.3d 525 [209 Cal.Rptr. 568] a compelling reason for concluding that IC takes the place of a guardian ad litem. In *Akkiko M.*, the court considered a minor's challenge of an order recusing her counsel appointed under former section 318 from continuing to represent her. (While Welf. & Inst. Code former § 318 has been repealed, many of its provisions have been added to § 317.) Former section 318 authorized the juvenile court to appoint counsel in cases where the dependency petition alleged abuse and neglect.) In reviewing the provisions of section 318, which are now essentially part of section 317, the court noted as follows: "*It is apparent that many of the responsibilities normally associated with a guardian ad litem have been placed upon counsel.* In light of the duties placed upon counsel by section 318, we reject the Department's argument that, as guardian ad litem, the Department controls litigation and retention of counsel for an abused and neglected minor. The Legislature intended that independent counsel, not the Department in its role as guardian ad litem, would control litigation and represent the interests of the abused or neglected child." (*Akkiko M., supra,* 163

Accordingly, we conclude that the appointment of the IC here left Minors with no parent or guardian, within the meaning of section 911.4, subdivision (c), to oversee the matter of their potential claim and lawsuit against County and others. Therefore, the time within which Minors had to present their application to file a late claim did not begin to run until they had a parent or guardian legally able to represent their interests; that did not occur until January 23, 1998, when the dependency case terminated. Minors' new counsel filed such application on January 25, 1999. The one-year period expired on January 23, 1999. This is the date Minors had a parent or guardian capable of representing their interests; that date fell on a Saturday, and, accordingly, the application presented on the following Monday, January 25, 1999, was timely. (Code Civ. Proc., § 12a.)

### 3. *The Trial Court Did Not Abuse Its Discretion by Granting Minors' Petition to Be Relieved from the Claim-filing Requirement*

██ If a claim is denied, section 946.6 provides that the party may petition the court for an order relieving the party from the claim-filing requirement. Pursuant to section 946.6, subdivision (c), the court *must* grant the petition if it finds that the application (1) was made within a reasonable time not to exceed that specified in section 911.4, subdivision (b), in other words, one year after the accrual of the cause of action; (2) was denied or deemed denied; and (3) was late for one of the reasons specified in section 911.6, subdivision (b). (*Kagy v. Napa State Hospital* (1994) 28 Cal.App.4th 1, 4-5 [33 Cal.Rptr.2d 741].)

A trial court has broad discretion in ruling on a petition for relief from the claim-filing requirement as long as the issue is whether the late claim was presented within a "reasonable time" not to exceed one year after the accrual of the cause of action. (See *Kagy v. Napa State Hospital, supra,* 28

---

Cal.App.3d at p. 530, italics added; see also *In re Alexis W.* (1999) 71 Cal.App.4th 28, 36 [83 Cal.Rptr.2d 488] [" 'The role of counsel for the child [in dependency proceedings] is not merely to act as a mouthpiece for the minor. . . .' "].)

The fact that IC, rather than DCFS, controls litigation and represents the litigation-related interests of dependent minors, does not mean that IC actually takes the place of a guardian ad litem to the extent a guardian ad litem is charged with making sure that the IC is vigorously representing the minor's interests. Counsel, not the client, always controls any litigation. (*People v. Masterson* (1994) 8 Cal.4th 965, 969 [35 Cal.Rptr.2d 679, 884 P.2d 136].) Nonetheless, it is the client, not counsel, who must make certain crucial decisions (*ibid.*), and who must oversee IC's work and make sure the client's case does not languish under the press of IC's other cases. Obviously, a dependent minor cannot make those crucial decisions, nor, for that matter, should DCFS make them when DCFS itself is a potential target of any litigation. And it is of course implausible to expect either a dependent minor, or DCFS, to make sure IC is moving forward with litigation against DCFS.

Cal.App.4th at pp. 4-5; *Favorite v. County of Los Angeles* (1998) 68 Cal.App.4th 835, 839 [80 Cal.Rptr.2d 656]; *Christopher P. v. Mojave Unified School Dist.* (1993) 19 Cal.App.4th 165, 169-170 [23 Cal.Rptr.2d 353].) When an application to file a late claim is itself not timely filed, however, the court is without jurisdiction to grant relief under section 946.6. (*Kagy v. Napa State Hospital, supra,* 28 Cal.App.4th at pp. 3-4; *Greyhound Lines, Inc. v. County of Santa Clara* (1986) 187 Cal.App.3d 480, 488 [231 Cal.Rptr. 702].) The reason for the one-year statutory requirement is to "protect[] a governmental entity from having to respond to a claim many years after the accrual of the action." (*Hernandez v. County of Los Angeles, supra,* 42 Cal.3d 1020, 1030 [232 Cal.Rptr. 519, 728 P.2d 1154]; see also *Williams v. Mariposa County Unified Sch. Dist.* (1978) 82 Cal.App.3d 843, 850 [147 Cal.Rptr. 452] [the time limit for filing an application with a public entity under the Act is comparable to a statute of limitations].)

Cases that have dealt with the tolling aspects of section 911.4, subdivision (b) suggest that the one-year time period within which to present a late claim will be tolled when the claimant does not have a representative capable of representing his or her interests. In other words, the cases indicate that the purpose of the tolling provisions is to ensure that the claimant is properly represented by one authorized to act on his or her behalf. For example, in *Hernandez v. County of Los Angeles,* a claim was not timely filed on behalf of a minor suffering profound mental retardation and severe physical handicaps allegedly caused by negligent medical care at a county hospital immediately before, during and after his birth. The minor argued that because he was mentally incapacitated during the entire time period of his injury, the time for presenting a late claim was tolled until his mother was appointed as his guardian ad litem. The court disagreed, concluding, "By explicitly providing that the 'time during which the person who sustained the alleged injury . . . is a minor shall be counted' . . . for purposes of the late-claim filing period, the Legislature has clearly indicated that it did not intend to authorize the filing of a claim on behalf of a child many years after the accrual of his cause of action. [Citation.] With respect to such an injured child, the Legislature evidently concluded that it was reasonable to expect that a late-claim application would be filed on his behalf *by a parent or another adult responsible for the child's care* within one year of the accrual of his cause of action." (*Hernandez v. County of Los Angeles, supra,* 42 Cal.3d at p. 1025, italics added and omitted.)

Therefore, the *Hernandez* court concluded that formal appointment of a guardian ad litem is not a prerequisite before a minor's tort claim under the

Act can be presented, because, *if a minor has a parent or another adult responsible for the child's care*, that minor may not invoke the tolling provisions because *that* person can present a claim on the minor's behalf. As summarized in *Reyes v. County of Los Angeles* (1988) 197 Cal.App.3d 584, 593 [243 Cal.Rptr. 35]: "The fact that a minor is not permitted to *prosecute* a claim through the courts without a guardian ad litem does not alter this result, and the time for *filing* a late claim is *not* tolled *until the minor's parent is formally appointed guardian ad litem by a court.*" (Italics added.)

The facts in both the *Hernandez* and the *Reyes* case are readily distinguishable from the facts here, because Minors here had no parent, or legal parent equivalent such as a guardian, legally capable to act on their behalf. Two other cases, *Kagy v. Napa State Hospital, supra,* 28 Cal.App.4th 1, and *Favorite v. County of Los Angeles, supra,* 68 Cal.App.4th 835, demonstrate some of the other parameters applicable in determining whether the one-year period should be tolled. In *Kagy*, the court held that the one-year period was tolled because the public guardian appointed for the incapacitated claimant lacked the authority to file a suit on behalf of the claimant and therefore could not adequately represent the claimant's interests. (*Kagy, supra* 28 Cal.App.4th at pp. 6-7.) In *Favorite*, the court held the claims statute was tolled where the conservator appointed for the incapacitated claimant was incapable of acting on the claimants' behalf because the claimant could not communicate with the conservator regarding the nature and extent of her injuries. (*Favorite, supra,* 68 Cal.App.4th at pp. 840-841.) In other words, tolling will be allowed if the minor claimant does not have, in place of a parent with the legal capacity to represent the minor, a representative fully equivalent to a parent, in other words, a guardian, who is *authorized* and capable of *fully* representing the minor claimant's interests.

In the present case, Minors contend that IC appointed by the juvenile court was insufficient or incapable of acting on their behalf without a formally appointed guardian ad litem. As our discussion above reflects, we agree. The IC could act in terms of actually *prosecuting* an action on Minors' behalf, but Minors could not appear in court except by and through a guardian ad litem, and section 911.4 presupposes claims must be presented by a parent, guardian or conservator. The IC are not appointed as guardians, guardians ad litem, or conservators, and the role of counsel appointed for a special litigation project on the one hand, and the role of parent, guardian, guardian ad litem, and conservator on the other, are simply not equivalent. In fact, the two roles may present a conflict of interests: parents, guardians,

and, as to litigation in particular, guardians ad litem, are charged with representing a minor's interests, even against the interest of all others who may be acting against, or failing to act in, the minor's best interests.

Here, for example, practically speaking, if IC was knowingly not actually representing Minors' best interests, IC was not likely to complain about such misconduct to the juvenile court, and if IC was doing so negligently, then presumably the IC would not even be aware of the need to complain. Thus, the juvenile court's appointment of IC under Welfare and Institutions Code section 317, subdivision (e) did not take the place of appointing a guardian ad litem for purposes of Government Code section 911.4, subdivisions (b) and (c), and the case law construing those subdivisions.

Our holding is not only in keeping with the language of the relevant statues and case law, but also serves the salutary purpose of not penalizing dependent minors in general for the omissions, if any, of their appointed counsel during periods when no parent or guardian is charged with the oversight of appointed counsel's conduct. This result is also in keeping with the cases that indicate that the Legislature intends to accord special solicitude to the claims of an injured minor by requiring courts to protect minors from the neglect or ignorance of the adults in charge of their legal claims "so long as the application is filed with the entity within one year of the accrual of the cause of action," and so long as there is actually an adult specifically charged with protecting the minors' overall interests above all else. (*Hernandez v. County of Los Angeles, supra*, 42 Cal.3d at pp. 1028-1029; see also *Tammen v. County of San Diego* (1967) 66 Cal.2d 468, 479-480 [58 Cal.Rptr. 249, 426 P.2d 753].) The cases only penalize minors under the care of an authorized representative, in other words, a parent or a guardian, when such representative has knowledge concerning the claim but fails to present the claim within the one-year limitation period of section 911.4. (See *Hom v. Chico Unified School District* (1967) 254 Cal.App.2d 335, 339 [61 Cal.Rptr. 920] [concluding that failure of minor's *parent* to present tort claims to school board within one year of injury rendered board and court powerless to grant relief under the Act]; *Carr v. State of California* (1976) 58 Cal.App.3d 139, 144-145 [129 Cal.Rptr. 730] [concluding that failure of *parent* to present tort claims on behalf of mentally incapacitated minor within one year of injury barred claims against state].) And, of course, this holding is in keeping with the Legislature's recent amendment of section 911.4 (see fn. 7, *ante*) that recognizes the special problems faced by minors who are dependents of the juvenile court during the time that they may have reason to file a tort claim.

DISPOSITION

The alternative writ heretofore issued on March 13, 2000, is discharged. The petition for writ of mandate seeking reversal of the trial court's original order granting Minors' petition is denied. However, because the trial court has already responded to our alternative writ by vacating its original order, and has entered a new order denying Minors' petition, a writ of mandate shall issue directing the trial court to vacate such subsequent order and to reinstate its original order granting Minors' petition. Minors are entitled to file their civil action despite County's denial of their application to present a late claim. The stay heretofore issued on March 13, 2000, shall be vacated as of the date the remittitur is filed herein. Costs are awarded to Minors.

Klein, P. J., concurred.

**KITCHING, J.**—I respectfully dissent. I would grant the petition because the facts of this case show the juvenile court's appointment of independent counsel under Welfare and Institutions Code section 317, subdivision (e) was for the express and specific purpose of pursuing all potential third party personal injury claims on behalf of the dependent minors. Thus, because independent counsel were properly authorized and capable of pursuing the minors' tort claims, the time to present such claims was not tolled beyond the date counsel were appointed.

1. *The Time for Filing a Tort Claim Is Tolled Only When There Is Inadequate Representation.*

The County of Los Angeles (County) contends the minors failed to present their late claim within one year of the accrual of their cause of action, i.e., within one year from the appointment of independent counsel on January 7, 1998. The minors, on the other hand, contend that even though they had court-appointed independent counsel to pursue their tort claims, it was necessary for the juvenile court to appoint a guardian ad litem to prosecute such claims.

The central issue in this case is whether the minors' tort claims against the County were tolled by virtue of the juvenile court's failure to appoint a guardian ad litem despite the fact that it appointed independent counsel to pursue such claims on their behalf. Cases that have dealt with the tolling provisions of the California Tort Claims Act—Government Code section 911.4, subdivision (b)[1]—hold the one-year time period within which to present a late claim will be tolled when the claimant does not have a

---

[1]Further statutory references are to the Government Code.

representative capable of representing his or her interests. These cases indicate that the purpose of the tolling provisions is to ensure the claimant is properly represented by one authorized to act on his or her behalf.

For example, in *Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020 [232 Cal.Rptr. 519, 728 P.2d 1154] (hereinafter *Hernandez*), a claim was not timely filed on behalf of a minor suffering profound mental retardation and severe physical handicaps allegedly caused by negligent medical care at a county hospital immediately before, during and after his birth. The minor argued that because he was mentally incapacitated during the entire time period of his injury, the time for presenting a late claim was tolled until his mother was appointed as his guardian ad litem. The court disagreed, concluding: "By explicitly providing that the 'time during which the person who sustained the alleged injury . . . is a minor shall be counted' . . . for purposes of the late-claim filing period, the Legislature has clearly indicated that it did not intend to authorize the filing of a claim on behalf of a child many years after the accrual of his cause of action. [Citation.] With respect to such an injured child, the Legislature evidently concluded that it was reasonable to expect that a late-claim application would be filed on his behalf by a parent or *another adult responsible for the child's care* within one year of the accrual of his cause of action." (*Id.* at p. 1025, italics omitted and added; see also *Kagy v. Napa State Hospital* (1994) 28 Cal.App.4th 1, 5 [33 Cal.Rptr.2d 741] ["Section 911.4 . . . recognizes that an injured person may choose not to apply for leave to file a late claim, but contemplates that the choice should be made by someone having the capacity to make an intelligent choice."].)

Thus, *Hernandez* found that formal appointment of a guardian ad litem is not necessary to present a governmental tort claim. If a minor has a parent or another adult responsible for the child's care, that minor may not invoke the tolling provisions because that person can present a claim on the minor's behalf. Summarizing the *Hernandez* conclusion, we stated, "[t]he fact that a minor is not permitted to prosecute a claim through the courts without a guardian ad litem does not alter [the result in *Hernandez*], and the time for filing a late claim is not tolled until the minor's parent is formally appointed guardian ad litem by a court." (*Reyes v. County of Los Angeles* (1988) 197 Cal.App.3d 584, 593 [243 Cal.Rptr. 35].) Consequently, while appointment of a guardian ad litem is a prerequisite to a minor's filing a civil action (Code Civ. Proc., § 372, subd. (a)), a guardian ad litem is *not* necessary in order to present a governmental tort claim.

In *Kagy v. Napa State Hospital, supra*, 28 Cal.App.4th 1, the court held the one-year period was tolled because the public guardian appointed for

the incapacitated claimant lacked the authority to file a suit on behalf of the claimant and therefore could not adequately represent the claimant's interests. (*Id.* at pp. 6-7.) Likewise, in *Favorite v. County of Los Angeles* (1998) 68 Cal.App.4th 835 [80 Cal.Rptr.2d 656], the court held the claims statute was tolled where the conservator appointed for the incapacitated claimant was incapable of acting on the claimant's behalf because the claimant could not communicate with the conservator regarding the nature and extent of her injuries. (*Id.* at pp. 840-841.) Consequently, tolling will be allowed if the claimant does not have a representative who is authorized to represent the claimant's interests or the representative is incapable of doing so.

The minors essentially argue that independent counsel appointed by the juvenile court was not capable of acting on their behalf without a formally appointed guardian ad litem. Thus, the minors contend that their claims accrued on January 23, 1998, when their dependency status terminated. But as the case law indicates, a minor does not need a guardian ad litem in order to file a governmental tort claim, as opposed to a civil action, as long as that minor has a parent or another adult responsible for his or her care who can file a tort claim on his or her behalf. As a result, the significant issue here is whether the juvenile court's appointment of independent counsel under Welfare and Institutions Code section 317, subdivision (e) is consistent with the purposes of Goverment Code section 911.4, subdivision (b), and the case law construing it.

### 2. *Independent Counsel Were Authorized and Knowledgeable Representatives.*

Welfare and Institutions Code section 317 gives the juvenile court authority to appoint counsel to represent "the parent, guardian, or [minor] at the detention hearing and at all subsequent proceedings before the juvenile court." (Welf. & Inst. Code, § 317, subd. (d).) Subdivisions (c) and (e) provide, however, a much more expansive role of appointed counsel for the minor that extends beyond the dependency proceedings.

If the juvenile court finds that the minor will "benefit from the appointment of counsel," the court must appoint counsel to represent the minor's interests. (Welf. & Inst. Code, § 317, subd. (c).) Such counsel cannot represent another party or the county agency whose interests conflict with the minor's interests. (*Ibid.*) Subdivision (c) also provides that "[a] primary responsibility of any counsel appointed to represent a [minor] pursuant to this section shall be to advocate for the protection, safety, and physical and emotional well-being of the [minor]." Subdivision (e) further provides: *"The counsel for the [minor] shall be charged in general with the representation of*

*the [minor's] interests. . . . In any case in which the [minor] is four years of age or older, counsel shall interview the [minor] to determine the [minor's] wishes and to assess the [minor's] well being, and shall advise the court of the [minor's] wishes. Counsel for the [minor] shall not advocate for the return of the [minor] if, to the best of his or her knowledge, that return conflicts with the protection and safety of the [minor]. In addition counsel shall investigate the interests of the [minor] beyond the scope of the juvenile proceeding and report to the court other interests of the [minor] that may need to be protected by the institution of other administrative or judicial proceedings. . . . The court shall take whatever appropriate action is necessary to fully protect the interests of the [minor]."* (Italics added.)

In *Akkiko M. v. Superior Court* (1985) 163 Cal.App.3d 525 [209 Cal.Rptr. 568] (hereinafter *Akkiko M.*), the court considered a minor's challenge of an order dismissing her counsel appointed under former Welfare and Institutions Code section 318. In reviewing the provisions of Welfare and Institutions Code section 318, which are now essentially part of Welfare and Institutions Code section 317, the court noted as follows: *"It is apparent that many of the responsibilities normally associated with a guardian ad litem have been placed upon counsel.* In light of the duties placed upon counsel by [Welfare and Institutions Code] section 318, we reject the Department's argument that, as guardian ad litem, the Department controls litigation and retention of counsel for an abused or neglected minor. The Legislature intended that independent counsel, not the Department in its role as guardian ad litem, would control litigation and represent the interests of the abused or neglected child." (*Akkiko M., supra,* 163 Cal.App.3d at p. 530, italics added; see also *In re Alexis W.* (1999) 71 Cal.App.4th 28, 36 [83 Cal.Rptr.2d 488] [" 'The role of counsel for the child [in dependency proceedings] is not merely to act as a mouthpiece for the minor . . . .' "].)[2]

Therefore, independent counsel appointed under Welfare and Institutions Code section 317, subdivision (e), has broad duties to represent the dependent minor's best interests, *including interests outside the scope of the juvenile proceeding.* In addition, the juvenile court has broad authority and responsibility to "take whatever appropriate action is necessary to fully protect the interests of the [minor]." (*Ibid.*) The broad duties of appointed counsel are, I believe, consistent with and substantially equivalent to the role of a guardian ad litem, at least with respect to filing a governmental tort

---

[2]The majority distinguish *Akkiko M.* by concluding that even though independent counsel controls litigation and represents the litigation interests of dependent minors, such counsel does not actually take the place of a guardian ad litem. But neither section 911.4 nor the case law requires a guardian ad litem before a minor can present a tort claim. As already discussed, the case law merely requires an adult responsible for the minor who is authorized and capable of protecting the minor's interests.

claim. As a result, the appointment of independent counsel serves the purposes of Government Code section 911.4 and the case law because the minor has a representative that is sufficiently authorized and knowledgeable about his or her interests to pursue tort claims on his or her behalf.

In the present case, the juvenile court expressly granted independent counsel the authority and responsibility to investigate and pursue tort claims against third parties. The juvenile court file in this case shows the juvenile court's order of January 7, 1998, appointing independent counsel for the minors was directly prompted by reports filed with the juvenile court. Those reports indicated that the minors had alleged abuse by their foster mother, Sandra Rodriguez. For example, a July 25, 1997, Judicial Review Report disclosed that in May 1996, "all three minors had disclosed possible abuse by a foster mother alleged to have occurred while they were [*sic*] foster care." The report further disclosed that all three minors were interviewed by a social worker from the department of children and family services (DCFS) who agreed that such abuses did occur. As a result of this report, on July 25, 1997, the juvenile court ordered DCFS to investigate the foster home and provide an incident report. Even though the minors already had counsel representing them within the context of the juvenile court proceedings, the juvenile court subsequently appointed independent counsel to protect the minors' interests with respect to their tort claims.

By ordering appointed counsel to "provide reports to both the court and the minors' dependency court attorney on the progress of the case on a regular basis," the juvenile court expected that counsel would take all the appropriate steps necessary to protect the minors' tort claims against third parties. In the words of the statute, by appointing independent counsel to pursue the minors' tort claims, the trial court took the "appropriate action . . . necessary to fully protect the interests of the [minor]." (Welf. & Inst. Code, § 317, subd. (e).)

To hold that the appointed counsel in this case were not authorized or adequate to pursue tort claims against the County would not only ignore the broad duties of independent counsel under Welfare and Institutions Code section 317 and the express provisions of the juvenile court's order appointing such counsel, but would also ignore the policy behind Government Code section 911.4. The purpose behind section 911.4 is to protect a governmental entity from having to respond to a claim many years after the accrual of the action. (*Hernandez, supra,* 42 Cal.3d at p. 1030.) The statute, as interpreted by case law, accommodates a claimant by tolling the one-year provision when that claimant's interests are not adequately represented. Accepting the minors' argument that they needed a guardian ad litem in order to present their governmental tort claims against the County allows

independent counsel, expressly appointed for such purpose, to idly sit on the minors' rights for many years simply because a guardian ad litem was not appointed. The purpose of Government Code section 911.4 in preventing stale claims against a public entity is not served by such a result.

I realize that rejecting the minors' tolling argument would effectively penalize them because a timely claim was not filed on their behalf. However, while the cases indicate that the Legislature intended to accord special solicitude to the claims of an injured minor so that a court may not attribute to the minor the neglect or ignorance of his or her parents or attorney, such special solicitude is applicable only "so long as the application is filed with the entity within one year of the accrual of the cause of action." (*Hernandez,* *supra*, 42 Cal.3d at p. 1028; see also *Tammen v. County of San. Diego* (1967) 66 Cal.2d 468, 479-480 [58 Cal.Rptr. 249, 426 P.2d 753].) If a minor has an authorized representative with knowledge concerning the claim who fails to present the claim within the one-year limitation period of section 911.4, a public entity, as well as a court, is powerless to grant relief. (See, e.g., *Hom v. Chico Unified Sch. Dist.* (1967) 254 Cal.App.2d 335, 339 [61 Cal.Rptr. 920] [concluding that failure of minor's parent to present tort claims to school board within one year of injury rendered board and court powerless to grant relief under the act]; *Carr v. State of California* (1976) 58 Cal.App.3d 139, 144-145 [129 Cal.Rptr. 730] [concluding that failure of parent to present tort claims on behalf of mentally incapacitated minor within one year of injury barred claims against state].)

3. *Conclusion.*

In *Hernandez,* the court held the one-year claims period under section 911.4 is not tolled if a mentally incapacitated minor has parents capable of acting on his or her behalf. In other words, according to our Supreme Court, "a parent or another adult responsible for the child's care" is expected to file a claim on behalf of a minor within the jurisdictional time constraints of section 911.4. (*Hernandez, supra,* 42 Cal.3d at p. 1025.) Here, the juvenile court appointed independent counsel to act on the minors' behalf in filing tort claims against third parties. The minors' cause of action accrued at that time. I see no reason why, for purposes of presenting a governmental tort claim, the independent counsel appointed by the juvenile court in this case occupy a different position from that of the minor's parent in *Hernandez.* In both cases, a late claim is barred where the minors have adults who are capable of pursuing claims on their behalf and are authorized to do so.

Unlike *Kagy v. Napa State Hospital, supra,* 28 Cal.App.4th at pages 6-7, or *Favorite v. County of Los Angeles, supra,* 68 Cal.App.4th at pages 840-841,

where the courts held that the one-year period was tolled because the conservator or public guardian appointed for the incapacitated claimant lacked the authority or sufficient knowledge of the claim to file a suit on behalf of the claimant, the independent counsel appointed in the present case not only had the statutory obligation to represent the minors' interests beyond the scope of the juvenile proceeding, but they also had the express authority of the juvenile court to present tort claims on the minors' behalf and keep the juvenile court apprised of the case. To hold that a guardian ad litem or full legal custody of the parents was required before the claims began to accrue is to ignore the importance of independent counsel under Welfare and Institutions Code section 317 and the express order of the juvenile court in this case.

Petitioner's petition for review by the Supreme Court was denied November 28, 2001. Chin, J., did not participate therein.