[No. D046956. Fourth Dist., Div. One. Dec. 2, 2005.]

SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
MIGUEL S., a Minor, Real Party in Interest.

## Counsel

John J. Sansone, County Counsel, Susan Strom, Chief Deputy County Counsel, and Erica B. Gardner, Deputy County Counsel, for Petitioner.

No appearance for Respondent.

Steven J. Carrol, Public Defender, Dana Feuling and Paul Richards, Deputy Public Defenders, for Real Party in Interest.

## Opinion

**McINTYRE, J.**—In this case, where the juvenile court ordered the County of San Diego (the County) to pay $800 out of County funds for independent counsel to investigate the possibility of filing a civil suit against the County on behalf of a dependent child, we conclude that the juvenile court made a prohibited gift of public funds. If independent counsel is required to investigate the possibility of initiating separate adversarial proceedings on behalf of

a dependent child, the juvenile court must appoint a guardian ad litem for the minor, who may then seek counsel on a contingency or pro bono basis.

## FACTUAL AND PROCEDURAL BACKGROUND

Twelve-year-old Miguel S. was detained at a County group home as a dependent child. He reported to his counsel that he was molested there. In the pending dependency proceedings, dependency counsel requested that the court appoint an attorney to investigate the allegation. After the San Diego Volunteer Lawyer Program declined the case because of a conflict, the juvenile court appointed a private attorney to represent Miguel in a civil action and set a hearing to address attorney fees. Although the juvenile court ultimately vacated this appointment as premature, it later retained independent counsel to consult with Miguel and investigate the potential for a civil lawsuit. The juvenile court capped attorney fees at $800 and explained that County treasury funds would be used to pay the fees.

San Diego County Department of Social Services (the Department) requested a special hearing to address the funding source for independent counsel's fees and objected to the payment of the fees by the County. After oral argument, the juvenile court again authorized independent counsel to investigate Miguel's allegation and ordered the expenditure of up to $800 in County treasury funds to fund the investigation.

The Department sought writ review, requesting that the order directing the expenditure of County treasury funds be vacated. We issued an order to show cause why the relief sought should not be granted and, after reviewing the briefing and record filed in this matter, requested supplemental briefing on the following additional questions: (1) Should the juvenile court have appointed a guardian ad litem for the dependent child?, and (2) Should the guardian ad litem be charged with the responsibility of locating independent counsel for a dependent child?

## DISCUSSION

### I. Use of Public Funds

■ The California Constitution prohibits gifting public funds. (Cal. Const., art. XVI, § 6.) "The term 'gift' in the constitutional provision 'includes all appropriations of public money for which there is no authority or enforceable claim,' even if there is a moral or equitable obligation. [Citation.]" (*Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th

431, 450 [123 Cal.Rptr.2d 122].) The primary question is whether the money is to be used for a public or a private purpose, and, if it is for a public purpose, it is generally not regarded as a gift within the meaning of this constitutional prohibition. (*Ibid.*) The determination of what constitutes a public purpose is primarily a matter for the Legislature and will not be disturbed as long as it has a reasonable basis. (*County of Alameda v. Janssen* (1940) 16 Cal.2d 276, 281 [106 P.2d 11].) The question presented is whether the juvenile court made a prohibited gift of public funds when it ordered the use of County funds to pay independent counsel to investigate the possibility of filing a civil suit on behalf of a dependent child. We conclude that it did and reverse the order.

A juvenile court has the statutory authority to "take whatever appropriate action is necessary to fully protect the interests of the child." (Welf. & Inst. Code, § 317, subd. (e); see also Cal. Rules of Court, rule 1438(f)(3)(D) [Authorizing the court to "[t]ake any other action to protect or pursue the interests and rights of the child."].) (All further undesignated rule references are to the California Rules of Court.) This authority allowed the juvenile court to seek the assistance of independent counsel to investigate the potential tort claims of the dependent minor. This authority, however, does not address or resolve the question of how independent counsel is to be compensated.

■ Although our Supreme Court has held that, in certain circumstances, an incarcerated indigent defendant may be entitled constitutionally to the appointment of counsel to handle his defense of a civil action, it disclaimed any power to order that counsel should be paid from public funds. (*Payne v. Superior Court* (1976) 17 Cal.3d 908, 920, fn. 6 [132 Cal.Rptr. 405, 553 P.2d 565].) Our high court stated that "[i]f and how counsel will be compensated is for the Legislature to decide. Until that body determines that appointed counsel may be compensated from public funds in civil cases, attorneys must serve gratuitously in accordance with their statutory duty not to reject 'the cause of the defenseless or the oppressed.' " (*Ibid.*, citing Bus. & Prof. Code, § 6068, subd. (h).) Thus, it is well established that even though a court is empowered to appoint counsel in certain situations, it cannot compel the government to compensate that attorney absent a statute authorizing such compensation. (*Payne v. Superior Court, supra*, p. 920, fn. 6; *County of Fresno v. Superior Court* (1978) 82 Cal.App.3d 191, 194, 196–197 [146 Cal.Rptr. 880] [indigent defendant in civil case]; *County of Los Angeles v. Superior Court* (1980) 102 Cal.App.3d 926, 931 [162 Cal.Rptr. 636] [indigent defendant in paternity action]; *County of Tulare v. Ybarra* (1983) 143 Cal.App.3d 580, 586 [192 Cal.Rptr. 49] [same].)

■ In accordance with these principles, the juvenile court had the authority to seek the assistance of independent counsel, but it could not compel the County to compensate counsel out of its treasury funds. In fact, the San Diego Superior Court Local Rules specifically forbid the use of County treasury funds for legal services outside the juvenile dependency forum and suggest that counsel act on a pro bono or contingency basis. (Super. Ct. San Diego County, Local Rules, rule 6.50(e)(2) & (f).) Because this local rule is consistent with case law interpreting the constitutional proscription regarding the use of public funds, it had the force and effect of law and the juvenile court erred in disregarding it. (*Thatcher v. Lucky Stores, Inc.* (2000) 79 Cal.App.4th 1081, 1084–1085 [94 Cal.Rptr.2d 575].)

Moreover, this type of case is normally taken on a contingency fee basis. The juvenile court's concern that independent counsel should have an opportunity to investigate a potential case before taking it on a contingency basis is not appropriate as lawyers working on contingency do not, as a general rule, get paid to investigate cases before accepting them. Here, Miguel's interests could have been fully protected by having independent counsel investigate the matter on a pro bono or contingency basis.

## II. *Appointment of a Guardian Ad Litem*

Because this matter will be remanded to the juvenile court, we requested supplemental briefing on whether the juvenile court should have appointed a guardian ad litem for Miguel and whether this individual should attempt to obtain independent counsel. In response to our inquiry, the Department asserted that dependency counsel should be charged with the responsibility of locating independent counsel on a pro bono or contingency basis and that it would be error for a juvenile court to appoint a guardian ad litem for the purpose of pursuing independent litigation. We disagree.

■ Juvenile court dependency proceedings are governed by their own rules and statutes. (*In re Josiah Z.* (2005) 36 Cal.4th 664, 678–679 [31 Cal.Rptr.3d 472, 115 P.3d 1133].) For purposes of the federal Child Abuse Prevention and Treatment Act (CAPTA) (42 U.S.C. § 5101 et seq.) and state law (Welf. & Inst. Code, § 326.5), a CAPTA guardian ad litem must be appointed for a minor in dependency cases involving child abuse or neglect and this role may be filled by either the attorney appointed by the juvenile court to represent the minor's interests, or by a court-appointed special advocate (CASA). (Rule 1448(c); *In re Christopher I.* (2003) 106 Cal.App.4th 533, 558 [131 Cal.Rptr.2d 122]; *In re Charles T.* (2002) 102

Cal.App.4th 869, 873–879 [125 Cal.Rptr.2d 868].) "If an attorney is appointed to represent the minor's interests, the juvenile court need not appoint a separate guardian ad litem. [Citation.]" (*In re Christopher I., supra,* 106 Cal.App.4th at p. 558.) The California Rules of Court, however, specifically allow the court to appoint a separate guardian ad litem to represent a dependent child under appropriate circumstances. (Rule 1438(f)(3)(C) ["[a]ppoint a guardian ad litem for the child, who may be the CASA already appointed as a CAPTA guardian ad litem, or a person who will act only if required to initiate appropriate action"].)

■ Significantly, the role of a CAPTA guardian ad litem is different from a guardian ad litem in all other juvenile, civil, and criminal proceedings. (Rule 1448(b).) A CAPTA guardian ad litem evaluates "the situation and needs of the child" and "make[s] recommendations to the court concerning the best interest of the child[.]" (Rule 1448(d)(1), (2).) In contrast, a civil guardian ad litem's role is "more than an attorney's but less than a party's, in that the guardian oversees any attorney representing minor's litigation-related interests and may make tactical and even fundamental decisions affecting the litigation, but always with the interest of the minor in mind." (*County of Los Angeles v. Superior Court* (2001) 91 Cal.App.4th 1303, 1311 [111 Cal.Rptr.2d 471], italics omitted.)

■ Where the possibility of adversarial litigation exists, it is appropriate and necessary for the juvenile court to appoint a separate guardian ad litem to make decisions on behalf of the dependent minor. (*County of Los Angeles v. Superior Court, supra,* 91 Cal.App.4th at pp. 1310–1311.) If we accepted the Department's suggestion that a dependent minor does not need a guardian ad litem where separate civil proceedings are contemplated the minor would be left without an individual to make decisions on his or her own behalf related to the potential civil proceedings.

■ Significantly, dependency counsel is from the County Public Defender's Office and has a conflict of interest where, as here, the County is the presumed target of any potential civil litigation. Even where dependency counsel would not have a conflict of interest, a separate guardian ad litem should be appointed because dependency counsel is not required to provide nonlegal services to the dependent minor (Welf. & Inst. Code, § 317, subd. (e)) and presumably lacks the time to devote to such an assignment. Additionally, any independent counsel obtained by the juvenile court to investigate a potential tort claim is merely a provider of services that cannot

replace the guardian ad litem, an individual necessary to control the litigation, and, with court approval, admit matters on behalf of the minor. (*In re Josiah Z., supra*, 36 Cal.4th at p. 678; *County of Los Angeles v. Superior Court, supra*, 91 Cal.App.4th at p. 1310.)

 The Department points out that any guardian ad litem should be "appointed by the court in which the action or proceeding is pending," suggesting that the juvenile court cannot do so. (Code Civ. Proc., § 372, subd. (a) ["When a minor . . . is a party, that person shall appear either by a guardian . . . or by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof, in each case."].) While we acknowledge that Code of Civil Procedure section 372 requires that any guardian ad litem appointed by the juvenile court be reappointed by the court in which the civil proceeding is ultimately filed, this statute does not prevent the juvenile court from initially appointing a guardian ad litem to protect the interests of a dependent minor before the initiation of separate civil proceedings. (Rule 1438(f).)

Numerous California trial courts have adopted local rules paralleling rule 1438 that allow the appointment of a guardian ad litem for the purpose of pursing appropriate action in another forum. (See e.g., Super. Ct. Imperial County, Local Rules, rule 14.08(F)(4); Super. Ct. Marin County, Local Rules, rule 4.5(G)(1)(d); Super. Ct. Monterey County, Local Rules, rule 3.21(f)(4); Super. Ct. Orange County, Local Rules, rule 907(F)(6)(d); Super. Ct. Sacramento, Local Rules, rule 17.29(F)(4); Super. Ct. San Francisco County, Local Rules, rule 12.48(C)(4).) We note, however, that the San Diego Superior Court Local Rules state that the juvenile court may "[n]ominate a guardian ad litem for the child for appointment by the other forum for the purposes of initiating or pursuing appropriate action on behalf of the child in that forum." (Super. Ct. San Diego County, Local Rules, rule 6.50(e)(3).)

 In Miguel's situation, simply nominating a guardian ad litem is inadequate because this individual is necessary to make decisions for the child in regard to investigating a possible tort action and initiating the action by filing a tort claim against the appropriate government entity under the California Tort Claims Act. (Gov. Code, § 810 et seq.) Because a guardian ad litem is *required* to make decisions on behalf of a dependent minor, the juvenile court *must* appoint a guardian ad litem when it appears litigation in another forum may be necessary. (See rule 1438 (f)(3)(C).) The guardian ad litem is also the appropriate individual to seek independent counsel, on a pro bono or contingency basis, to investigate and prosecute any tort claims on behalf of the dependent minor. As such, the order retaining independent counsel is vacated.

## DISPOSITION

Let a writ of mandate issue directing the juvenile court to vacate its order dated June 14, 2005, retaining an independent attorney and authorizing payment of the independent attorney from the County treasury and enter an order appointing a guardian ad litem for the dependent child. This opinion shall become final 10 days from the date of filing. (Rule 24(b)(3).)

McConnell, P. J., and Irion, J., concurred.