[No. C065981. Third Dist. Nov. 30, 2011.]

In re NICOLE H., a Person Coming Under the Juvenile Court Law.
MODOC COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and
Respondent, v.
JOSHUA S. et al., Defendants;
NICOLE H., Appellant.

## COUNSEL

M. Elizabeth Handy, under appointment by the Court of Appeal, for Appellant.

No appearance for Plaintiff and Respondent.

## OPINION

**MURRAY, J.**—Nicole H. appeals from the juvenile court's order denying her trial counsel's request for the appointment of a separate guardian ad litem (Welf. & Inst. Code, §§ 317, 326.5)[1] to investigate a potential tort action against the county on her behalf or, in the alternative, authorizing her dependency counsel to obtain independent counsel on a pro bono or contingency basis.[2] Respondent Modoc County Department of Social Services (the Department) has not filed a brief.

We hold that when a dependent minor has a potential tort claim against the county, the juvenile court must appoint a separate guardian ad litem to act on behalf of the minor by overseeing the potential tort action and otherwise protecting the minor's interests prior to the initiation of civil proceedings. The court must also appoint counsel to serve on a pro bono or contingency basis to investigate the tort action and to initiate and pursue the tort action if, after consultation with the guardian ad litem, counsel deems such action appropriate. The juvenile court may seek out counsel on its own, or the court may order the guardian ad litem to seek and recommend counsel to the court for appointment. The appointment of the guardian ad litem and counsel must be done expeditiously so as to not prejudice the minor's potential tort action or the county or other parties against whom the tort action may be filed.

Here, the court appointed a court-appointed special advocate (CASA), but did not appoint a guardian ad litem to oversee the litigation; nor was

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

[2] The minor previously filed a premature appeal (*Social Services v. N.H.* (C064768)), which we dismissed on September 13, 2010, at the minor's request.

A reporter's transcript was prepared for the prior appeal, but not for the present appeal. Pursuant to Evidence Code sections 452, subdivision (d) and 459, we take judicial notice of the record in the prior appeal, including the reporter's transcript.

independent counsel appointed. We shall reverse and remand with directions that the court vacate its order denying the minor's request and issue a new order consistent with our holding in this case.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2010, the Department filed a section 300 petition as to Nicole H., a 13-year-old female (the minor) who resided with her father and stepmother. The petition alleged that the minor was suffering, or at risk of suffering, serious emotional damage, as evidenced by her untoward aggressive behavior toward herself and others.

At the detention hearing on March 3, 2010, the juvenile court appointed William Briggs to represent the minor as both her attorney of record and her Child Abuse Prevention and Treatment Act (CAPTA; 42 U.S.C. § 5101 et seq.) guardian ad litem.[3] The court ordered that a CASA also be appointed for the minor, but the record does not show that anyone was so designated at that time. The juvenile court also ordered that the minor continue in detention, with services to be provided to the father and stepmother pending further proceedings.

On March 17, 2010, Briggs filed a written request for an order "to allow this attorney to *find* a guardian ad litem who would hire a tort lawyer on a contingency or pro bono basis to investigate [a] possible tort claim and file a tort action on the minor's behalf." (Italics added.) According to Briggs's declaration, the minor had reported that she had been raped by another minor at the foster home where she was first detained, and law enforcement was

---

[3] Section 326.5 addresses the appointment of CAPTA guardians ad litem. That section provides in pertinent part: "The Judicial Council shall adopt a rule of court effective July 1, 2001, that complies with the requirement of the federal Child Abuse Prevention and Treatment Act (Public Law 93-247) for the appointment of a guardian ad litem, who may be an attorney or a [CASA], for a child in cases in which a petition is filed based upon neglect or abuse of the child . . . . The rule of court may include guidelines to the courts for determining when an attorney should be appointed rather than a [CASA.]"

California Rules of Court, rule 5.662(c) (undesignated rule references are to the California Rules of Court) and 5.660(f) were adopted pursuant to section 326.5.

Rule 5.662(c) provides in pertinent part: "A CAPTA guardian ad litem must be appointed for every child who is the subject of a juvenile dependency petition under section 300. An attorney appointed under rule 5.660 will serve as the child's CAPTA guardian ad litem under section 326.5. If the court finds that the child would not benefit from the appointment of counsel, the court must appoint a CASA volunteer to serve as the child's CAPTA guardian ad litem. The court must identify on the record the person appointed as the child's CAPTA guardian ad litem."

Rule 5.660(f)(4) provides: "The appointment of an attorney to represent the child does not prevent the appointment of a CASA volunteer for that child, and courts are encouraged to appoint both an attorney and a CASA volunteer for the child in as many cases as possible."

investigating the matter. Briggs cited *San Diego County Dept. of Social Services v. Superior Court* (2005) 134 Cal.App.4th 761 [36 Cal.Rptr.3d 294] (*San Diego County*) as authority for his request.

On March 23, 2010, Briggs filed an amended request for appointment of a guardian ad litem, with a memorandum of points and authorities. Briggs again relied on *San Diego County*. He also cited *County of Los Angeles v. Superior Court* (2001) 91 Cal.App.4th 1303 [111 Cal.Rptr.2d 471] (*County of Los Angeles*) in support of his motion. Instead of asking for the authority to *find* a guardian ad litem, this time he requested that the juvenile court *appoint* a guardian ad litem. He further requested that the guardian ad litem be permitted to "hire a tort lawyer on a contingency or pro bono basis to investigate the possible tort claim." He also informed the court that "shortly before March 12, 2010," the minor reported that she had been sexually abused in foster care, and he told the court that the minor had been moved to another foster home the day she reported the incident.

Additionally, Briggs asserted that, pursuant to *San Diego County*, it is generally inappropriate for the minor's counsel in a juvenile dependency case to investigate related tort actions. Briggs further noted that he worked for the law firm that held the public defender contract for Modoc County, and he expressed concern that the contract might prohibit him from filing a claim against the county on behalf of a client.[4] Briggs stated that all other private attorneys in the county were already involved in this case and unavailable for appointment as guardian ad litem. Briggs also stated it would be inappropriate to appoint the parents for a variety of reasons.[5] He suggested that the juvenile court appoint an out-of-county attorney for purposes of investigating the minor's possible tort claim.

The jurisdiction report, filed March 19, 2010, recommended that the juvenile court find jurisdiction and return the minor home to her father and stepmother under a safety plan on which they had agreed and a prospective service plan they discussed with the social worker. At the jurisdictional hearing held March 25, 2010, the court sustained the allegations of the section

[4] Briggs stated, "The contract has term A-12 which forbids filing a claim on the county on behalf of a client. Whether that means a public defender client or a private client is unclear."

[5] Briggs asserted that parents, who are " 'dependant' [*sic*] upon the good[]will of a county agency (CPS) and the court for the return of their child and for the successful conclusion of the dependency court action" should not be appointed to serve as guardians ad litem in an action against the county. Additionally, he stated there was hearsay evidence he could present that the father is mildly developmentally delayed and the stepmother is "incapable of making decisions because of over-(prescription) medication." Finally, citing *County of Los Angeles, supra*, 91 Cal.App.4th at page 1316, Briggs noted that since the juvenile court has responsibility for the "care, control and custody" of the minor, it must only appoint a person as guardian ad litem whose sole interest is the best interest of the child.

300 petition and made the recommended rulings. The court did not address Briggs's request for appointment of a separate guardian ad litem.

On March 29, 2010, Briggs filed a report stating that an out-of-county attorney with experience in handling cases similar to the potential tort action here had indicated he would be willing to review this case.

On April 14, 2010, the juvenile court held an uncontested dispositional hearing and ordered the minor's continued placement with her father and stepmother, along with six months of family maintenance services. Briggs voiced concern that the dispositional report did not include information about the alleged sexual abuse the minor had suffered while in foster care. He reiterated his request for authorization to refer the matter to the out-of-town counsel.

The juvenile court judge assigned to the case stated that he had to consult with the presiding judge before ruling on Briggs's request for appointment of a separate guardian ad litem. The court expressed reluctance to appoint the attorney Briggs had suggested because he "tends to be very expensive." Briggs reminded the court that the appointment would be made on a pro bono or contingency basis and that there would be no cost to the county. The court assured Briggs that it would look into the matter and "take some action."

On April 15, 2010, the minor filed a notice of appeal from the "4/14/2010 & subsequent ruling on 4/15/2010 not to authorize attorney for pursuit of minor civil claim." This appeal was later dismissed.[6]

On July 26, 2010, the juvenile court appointed Candace Deaton of the Modoc County CASA Program as CASA for the minor.[7] The order did not

---

[6] See footnote 2, *ante.*

[7] The order appears to be a standard CASA appointment order. It reads:

"IT IS ORDER [*sic*] THAT Candace Deaton, Court Appointed Special Advocate (CASA) for the Modoc CASA Program [address and phone number omitted], is *appointed as Special Advocate* for the above named child under the general supervision of the Modoc County Presiding Juvenile Court Judge.

"1. The CASA shall have access to the child and to available records and files pertaining to the child, including but not limited to, court records, medical records, and mental health records. A copy of this order shall be the only authorization necessary for such purpose.

"2. The CASA shall be give [*sic*] notice of, and shall be authorized to attend, all court hearings pertaining to the child. The CASA shall also be authorized to attend any other proceedings and meetings which directly pertain to the child[.]

"3. The CASA shall be furnished with copies of all reports filed with the court in the same manner and at the same time as they are furnished to the attorneys and other participants.

"4. Any person entitled to the notice of the proceedings in this matter have [*sic*] the opportunity to petition the court for a hearing on the matter of this appointment. (CRC 5.655(f)(7).[)]" (Italics added.)

appoint Ms. Deaton to serve as a separate guardian ad litem on behalf of the minor in connection with the potential tort action or otherwise direct Ms. Deaton to do anything relative to the minor's potential action.

On August 25, 2010, Briggs filed a renewed request for appointment of guardian ad litem. He stated that the juvenile court, on April 15, 2010, had "indicated off-the-record [sic] to [Briggs] that the court was denying the request, but failed to make file [sic] the decision. An appeal was filed. As there is no formal denial, . . . the original appeal needed to be withdrawn and that this ex parte motion should be made to enable an appeal to go forward when the court makes its anticipated denial." Again Briggs relied on *San Diego County* and *County of Los Angeles.* According to Briggs's declaration and the attached report by the California Department of Social Services, Community Care Licensing Division, the state foster home licensing agency had investigated the alleged rape and concluded the allegation was substantiated.

On August 26, 2010, the juvenile court entered a written order summarily denying the request for appointment of guardian ad litem. No reasons were given for the denial.

On August 27, 2010, the minor filed a notice of appeal from the court's written order.

## DISCUSSION

### I. Appointment of a Guardian Ad Litem

The minor contends that the juvenile court erred by failing either to appoint a guardian ad litem or a CASA for the specific purpose of protecting her interests as to her potential tort action, or to authorize her trial counsel to obtain independent counsel on a pro bono or contingency basis. We conclude that the court should have appointed a guardian ad litem specifically for the purpose of acting on behalf of the minor by overseeing the potential tort action and otherwise protecting the minor's interests as to her potential tort action prior to the initiation of separate civil proceedings.

We begin by reviewing the relevant statutory provisions and the rules of court.

By reporting the potential tort claim to the juvenile court, Briggs performed his responsibility under section 317, subdivision (e) and rule 5.660(g). Section 317, subdivision (e), provides that counsel for the child shall represent the child's interests and shall also "investigate the interests of the

child beyond the scope of the juvenile proceeding and report to the court other interests of the child that may need to be protected by the institution of other administrative or judicial proceedings." Rule 5.660(g)(2) mandates that if the child's attorney "learns of any such interest or right, the attorney . . . must notify the court immediately and seek instructions from the court as to any appropriate procedures to follow."

In turn, the court is required by section 317, subdivision (e) to "take whatever appropriate action is necessary to fully protect the interests of the child." Rule 5.660(g)(3) is more specific. "If the court determines that further action on behalf of the child is required to protect or pursue any interests or rights [in other judicial forums], the court *must appoint an attorney for the child, if the child is not already represented by counsel*, and *do one or all of the following*: [¶] (A) Refer the matter to the appropriate agency for further investigation and require a report to the court within a reasonable time; [¶] (B) *Authorize and direct the child's attorney to initiate and pursue appropriate action*; [¶] (C) *Appoint a guardian ad litem for the child*. The guardian may be the CASA volunteer already appointed as a CAPTA guardian ad litem *or* a person who will act only if required to initiate appropriate action; or [¶] (D) Take any other action to protect or pursue the interests and rights of the child." (Italics added.)

Section 104, subdivision (a) provides that when a court appoints a CASA to represent a child, "[t]he court shall determine the extent of the CASA's duties in each case." (Italics added.)[8] In the absence of specific direction, a CASA is not required by statute or rule to do anything more than notify the court of potential tort claims, and await specific direction of the court. (Rule 5.660(g)(2).)[9]

---

[8] Similar to section 104, subdivision (a), the Modoc County Superior Court local rules provide in pertinent part that "[t]he Court will, in its initial order of appointment and/or in subsequent orders, *specifically delineate the advocate's duties* in each case." (Super. Ct. Modoc County, Local Rules, rule 15.04(B)(3), italics added.)

[9] Statutory and rule provisions outline a CASA's general functions. A CASA is required to "[p]rovide independent, factual information to the court regarding the cases to which he or she is appointed," "[r]epresent the best interests of the children involved" and, "[a]t the request of the judge, monitor cases to which he or she has been appointed to assure that the court's orders have been fulfilled." (§ 102, subd. (c)(1)–(3).) A CASA "is an officer of the court, with the relevant rights and responsibilities that pertain to that role." (§ 103, subd. (e); see rule 5.655(f).) Subdivision (b) of section 104 provides that "[t]he CASA shall report the results of [the independent investigation of the circumstances surrounding a case] to the court," and subdivision (c) provides that "[t]he CASA shall follow the direction and orders of the court and shall provide information specifically requested by the court." Rule 5.660(g)(2) provides that "any interested person may advise the court of information regarding an interest or right of the child to be protected or pursued in other judicial or administrative forums. [¶] . . . [¶] (2) If . . . a CASA volunteer acting as a CAPTA guardian ad litem, learns of any such interest or right,

■ We now turn to the relevant case law. We first note the different roles played by a guardian ad litem in a dependency proceeding and a guardian ad litem in an adversarial proceeding. As this court has previously observed, "the function of the guardian ad litem for a minor in dependency proceedings is distinct from that in adversarial proceedings." (*In re Charles T.* (2002) 102 Cal.App.4th 869, 877 [125 Cal.Rptr.2d 868] (*Charles T.*).)

"In the adversarial context, the guardian ad litem's function is to protect the rights of the incompetent person, control the litigation, compromise or settle the action, control procedural steps incident to the conduct of the litigation, and make stipulations or concessions in the incompetent person's interests. [Citation.] In such cases, the guardian ad litem's role 'is more than an attorney's but less than a party's.' " (*Charles T., supra,* 102 Cal.App.4th at pp. 875–876.) "[T]he guardian oversees any attorney representing minor's litigation-related interests and may make tactical and even fundamental decisions affecting the litigation, but always with the interest of the minor in mind." (*County of Los Angeles, supra,* 91 Cal.App.4th at p. 1311.)

On the other hand, "dependency proceedings are not adversarial as to the minor; and the requirement of appointment of a guardian ad litem with limited functions arose in the context of qualifying for federal funding." (*Charles T., supra,* 102 Cal.App.4th at p. 876; see also CAPTA, 42 U.S.C. § 5101 et seq.; especially see 42 U.S.C. § 5106a, subd. (b)(2)(B)(xiii); 10 Witkin, Summary of Cal. Law (2011 supp.) Parent and Child, § 572, p. 227.) ". . . Congress, in enacting the requirement for appointment of a guardian ad litem in cases of abused and neglected children, intended only that an individual, independent of the other parties in the dependency, who has the legal knowledge and experience to be found in an attorney or who is a trained CASA volunteer, be appointed to represent and protect the minor's interests." (*Charles T., supra,* 102 Cal.App.4th at p. 877.) An attorney appointed as a CAPTA guardian ad litem "advocates for the protection and safety of the child, investigates, participates in presenting evidence to the court, advises the court of the child's wishes, and investigates interests of the child beyond the dependency. (§ 317, subds. (c), (e).) These functions are both more and less than a traditional guardian ad litem in an adversarial proceeding, but are precisely those necessary to provide an independent voice for the child. In cases where counsel is not required, the lay person functioning as a CASA can adequately fulfill the independent investigative and informational functions." (*Charles T., supra,* at p. 878.)

■ In *Charles T.*, this court further observed, "in cases where the minor's counsel discovers interests of the minor outside the dependency which may

_____

the . . . CASA volunteer must notify the court immediately and seek instructions from the court as to any appropriate procedures to follow."

result in separate *adversarial* proceedings, the court will be required to appoint a separate guardian ad litem." (*Charles T., supra,* 102 Cal.App.4th at p. 879, citing *County of Los Angeles, supra,* 91 Cal.App.4th at pp. 1310–1311.)

As she did below, on appeal the minor relies primarily on two cases, *San Diego County* and *County of Los Angeles.* In *San Diego County,* a minor detained in a group home reported that he had been molested, and the minor's dependency counsel asked the juvenile court to appoint an attorney to investigate the allegation. (*San Diego County, supra,* 134 Cal.App.4th at p. 765.) The county public defender's office declined appointment because of a conflict. The court appointed a private attorney to represent the minor in a civil action and stated that county funds would pay the attorney fees up to a certain amount. (*Ibid.*) The county department of social services objected to the payment of the attorney fees by the county and sought writ relief. (*Ibid.*) The appellate court issued a writ of mandate directing the trial court to vacate its order retaining independent counsel and authorizing payment for such counsel from public funds, reasoning that because no statute authorized the juvenile court to require the county to compensate private counsel, an order to do so was an unlawful gift of public funds. (*Id.* at pp. 764–767, 770.)

The appellate court requested supplemental briefing on the issue of whether the juvenile court should have appointed a guardian ad litem for the minor and whether such person should seek independent counsel. (*San Diego County, supra,* 134 Cal.App.4th at p. 767.) The department answered in the negative, asserting instead that dependency counsel should be charged with the responsibility of locating independent counsel on a pro bono or contingency basis. (*Ibid.*) The appellate court disagreed, reasoning that the California Rules of Court specifically allowed the court to appoint a separate guardian ad litem to represent a child under appropriate circumstances, even where an attorney has already been appointed to represent the minor in the dependency proceedings. (*San Diego County, supra,* 134 Cal.App.4th at pp. 767–768.)[10]

█ A separate guardian ad litem "is necessary to make decisions for the child in regard to investigating a possible tort action and initiating the action by filing a tort claim against the appropriate government entity under the California Tort Claims Act. (Gov. Code, § 810 et seq.) Because a guardian ad

---

[10] The court quoted former rule 1438(f)(3)(C), which provided that a juvenile court may " '[a]ppoint a guardian ad litem for the child, who may be the CASA already appointed as a CAPTA guardian ad litem, or a person who will act only if required to initiate appropriate action.' " (*San Diego County, supra,* 134 Cal.App.4th at p. 768.)

Rule 5.660 replaced former rule 1438 effective January 1, 2007. (See Historical and Statutory Notes, 1 Deering's Ann. Rules of Court (2007 ed.) foll. rule 5.660, p. 797.) Rule 5.660(g)(3)(C) substantially mirrors the language in former rule 1438(f)(3)(C).

litem is *required* to make decisions on behalf of a dependent minor, the juvenile court *must* appoint a guardian ad litem when it appears litigation in another forum may be necessary. [Citation.]" (*San Diego County, supra,* 134 Cal.App.4th at p. 769.) Without the appointment of a guardian ad litem, "the minor would be left without an individual to make decisions on his or her own behalf related to the potential civil proceedings." (*San Diego County, supra,* at p. 768.) However, the appointment of the guardian ad litem in this context is necessarily limited to protecting the interests of a dependent minor before the initiation of separate civil proceedings. Code of Civil Procedure section 372, subdivision (a) "requires that any guardian ad litem appointed by the juvenile court be reappointed by the court in which the civil proceeding is ultimately filed . . . ." (*San Diego County, supra,* 134 Cal.App.4th at p. 769.)[11]

In *County of Los Angeles,* dependent minors sustained injuries from physical and psychological abuse and neglect while in foster care. After the juvenile court was informed of the abuse, the court appointed an attorney pursuant to section 317, subdivision (e), to serve as independent counsel to represent the minors " 'in all potential third party personal injury . . . claims and probate matters on minor's [*sic*] behalf.' " (*County of Los Angeles, supra,* 91 Cal.App.4th at p. 1307; see *id.* at pp. 1306–1307.) No guardian ad litem was appointed. (*Id.* at p. 1308.) The independent counsel never filed a claim or complaint. Minors obtained new counsel and, over a year later, new counsel filed a claim with the county. The county contended the claim was untimely. The trial court granted the minors' petition for relief, tolling the one-year period in Government Code section 911.4, subdivision (b), during which the minors did not have a guardian ad litem.[12] (91 Cal.App.4th at p. 1307.) The Court of Appeal agreed. In doing so, the court rejected the county's argument that the independent counsel was the functional equivalent of a guardian ad litem since independent counsel was appointed to investigate and pursue potential third party personal injury actions and to protect the minors' interests. (*Id.* at pp. 1311–1312.) The court observed that, "independent counsel, no more than any other provider of a specialized service, such

[11] Code of Civil Procedure section 372, subdivision (a) provides in pertinent part: "When a minor . . . is a party, that person shall appear . . . by a guardian ad litem appointed by the court in which the action or proceeding is pending, or by a judge thereof . . . ."

Under this provision, the court in which the tort action is filed retains discretion as to whom to appoint as a guardian ad litem. The court may appoint the same person previously appointed by the juvenile court to act on behalf of the minor prior to the initiation of civil proceedings or it may appoint some other person.

[12] The Legislature amended Government Code section 911.4 subsequent to *County of Los Angeles.* That section now provides:

"(a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim.

as a doctor, dentist, or therapist, does not, and cannot, represent a minor's interests in the same way, and as to the same scope, as either a parent or guardian." (*Id.* at p. 1310.) The court held that "the juvenile court should have appointed a guardian ad litem to oversee the work being done by the [independent counsel], and it should have done so shortly before or after the [independent counsel] was appointed." (*Id.* at p. 1311.)

■ *San Diego County* and *County of Los Angeles*, along with this court's observation in *Charles T.*, teach that the juvenile court must appoint a guardian ad litem to oversee a potential tort action prior to the initiation of civil proceedings. However, none of these cases involved the appointment of a CASA, and the courts therein did not consider whether such appointment might suffice. We do so now. Based on the reasoning in *San Diego County* and *County of Los Angeles* and the statutes and rules of court we have reviewed, we conclude that the juvenile court could appoint a CASA to serve as a separate guardian ad litem to protect a minor's interests in a potential tort claim prior to the initiation of civil proceedings. However, we further conclude that the appointment of a CASA is insufficient unless the juvenile court expressly appoints the CASA to serve as guardian ad litem and orders the CASA to act on behalf of the minor in connection with the potential tort action before the initiation of separate civil proceedings, which the court did not do here. The scant record before us does not make clear whether the juvenile court appointed the CASA in response to the minor's request or only

---

"(b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application.

"(c) In computing the one-year period under subdivision (b), the following shall apply:

"(1) The time during which the person who sustained the alleged injury, damage, or loss as a minor shall be counted, but the time during which he or she is mentally incapacitated and does not have a guardian or conservator of his or her person shall not be counted.

"(2) The time shall not be counted during which the person is detained or adjudged to be a dependent child of the juvenile court under the Arnold-Kennick Juvenile Court Law (Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code), if both of the following conditions exist:

"(A) The person is in the custody and control of an agency of the public entity to which a claim is to be presented.

"(B) The public entity or its agency having custody and control of the minor is required by statute or other law to make a report of injury, abuse, or neglect to either the juvenile court or the minor's attorney, and that entity or its agency fails to make this report within the time required by the statute or other enactment, with this time period to commence on the date on which the public entity or its agency becomes aware of the injury, neglect, or abuse. In circumstances where the public entity or its agency makes a late report, the claim period shall be tolled for the period of the delay caused by the failure to make a timely report.

"(3) The time shall not be counted during which a minor is adjudged to be a dependent child of the juvenile court under the Arnold-Kennick Juvenile Court Law (Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code), if the minor is without a guardian ad litem or conservator for purposes of filing civil actions."

under the general authority of rule 5.660(f)(4).[13] The minor asserts, however, that even if the appointment of the CASA was in response to her request, it was insufficient because the appointment order did not specifically authorize the CASA to investigate and make recommendations as to the minor's potential tort action. We agree.

The juvenile court's written order appointed the CASA to serve as a "special advocate," not as a guardian ad litem relative to the potential tort action.[14] The order did not direct or authorize the CASA to act on the minor's potential tort action. Nor, as we have observed, do the statutes and rules governing CASA's specifically direct or authorize the CASA to do so without direction from the juvenile court.

■ Express delineation of the specific duties of a CASA is mandated by section 104, subdivision (a), which requires that "[t]he court shall determine the extent of the CASA's duties in each case."[15] Additionally, the time limit for filing a tort claim is tolled until a guardian ad litem is appointed for the specific purpose of overseeing the potential action against the county. (*County of Los Angeles, supra*, 91 Cal.App.4th at pp. 1308–1313; Gov. Code, § 911.4, subd. (c).) The underlying reason for the time limits in Government Code section 911.4 is to " 'protect[] a governmental entity from having to respond to a claim many years after the accrual of the action.' [Citations.]" (*County of Los Angeles, supra*, 91 Cal.App.4th at p. 1314.) If a separate guardian is not timely appointed, then the protection afforded to counties is diminished.

■ The court's options here are to appoint a CASA to serve as a separate guardian ad litem or to appoint someone else to serve in that capacity. (Rule 5.660(g)(3).) Appointed dependency counsel Briggs cannot act as guardian ad litem on the minor's tort action. Even assuming he has no actual or potential conflict of interest as an attorney under contract to the county, dependency counsel should not be required or expected to provide nonlegal services to a minor. (§ 317, subd. (e); *San Diego County, supra*, 134 Cal.App.4th at pp. 768–769.)

■ Of course, the county has a conflict because it is a potential defendant in the minor's tort action. (*County of Los Angeles, supra*, 91 Cal.App.4th at pp. 1310–1311.) Consequently, the option set forth in rule 5.660(g)(3)(A)—to

---

[13] As we previously noted, the juvenile court issued an order for appointment of a CASA at the detention hearing in March 2010. But the court did not name a specific person as the CASA or enter a formal written order appointing a CASA for the minor until July 2010, after the minor had filed her premature notice of appeal in case No. C064768.

[14] See footnote 7, *ante.*

[15] As here, a court's own local rules may also require that the CASA's duties be specifically delineated. (See fn. 8, *ante.*)

"[r]efer the matter to the appropriate agency for further investigation and require a report to the court"—is not available to the juvenile court here.

Also, as *County of Los Angeles* teaches, it would be inappropriate to appoint independent counsel to both represent the minor in the tort action on a pro bono or contingency basis and at the same time serve as the guardian ad litem. (*County of Los Angeles, supra*, 91 Cal.App.4th at p. 1310.) The guardian ad litem's powers include the right to compromise or settle the action (see Code Civ. Proc., § 372, subd. (a); *County of Los Angeles, supra*, 91 Cal.App.4th at p. 1311), thus presenting a conflict for counsel who could benefit from any such compromise. Moreover, the guardian ad litem must oversee counsel's work to make sure the minor's case "does not languish under the press of [counsel's] other cases." (*County of Los Angeles, supra*, 91 Cal.App.4th at p. 1313, fn. 9, 2d par.) Here the juvenile court's ruling left no one in charge of protecting the minor's interests in the potential tort action. The juvenile court must remedy this situation by appointing either a CASA or someone else to serve as the minor's guardian ad litem for this specific purpose. (Rule 5.660(g)(3)(C).)

On remand, if the juvenile court determines that the CASA it previously appointed or some other CASA should serve as a guardian ad litem to act on behalf of the minor by overseeing the potential tort action and otherwise protecting the minor's interests as to her potential tort action prior to the initiation of separate civil proceedings, the court's appointment order should expressly reflect that the appointment has been made for that purpose.

The juvenile court may, in its discretion, direct the guardian ad litem to report back to the court at times deemed appropriate by the court concerning the investigation and any other activity related to the potential tort action. (§ 317, subd. (e); rule 5.660(g)(3)(D).)

## II. Appointment of Independent Counsel

The court in *San Diego County* observed that, "[b]ecause a guardian ad litem is *required* to make decisions on behalf of a dependent minor . . . when it appears litigation in another forum may be necessary[,] . . . [t]he guardian ad litem is also the appropriate individual to *seek* independent counsel, on a pro bono or contingency basis, to investigate and prosecute any tort claims on behalf of the dependent minor." (*San Diego County, supra*, 134 Cal.App.4th at p. 769, second italics added, citation omitted.)

We agree that a juvenile court would be acting within its discretion if it authorized the separate guardian ad litem to *seek* counsel. Section 317, subdivision (e) gives the court the authority to "take whatever appropriate

action is necessary to fully protect the interests of the child" and similarly, rule 5.660(g)(3)(D) gives the court the authority to "[t]ake any other action to protect or pursue the interests and rights of the child."

On the other hand, rule 5.660(g)(3) mandates that if the juvenile court determines action on behalf of the child is required to protect or pursue any interests or rights in other judicial forums, "the court *must appoint an attorney* for the child, *if the child is not already represented by counsel.*" (Italics added.) Given its context, we read this provision to require the juvenile court to appoint counsel if the child is not represented *in the potential tort action.* Upon appointment, the juvenile court must "[a]uthorize and direct the child's attorney to initiate and pursue appropriate action." (Rule 5.660(g)(3)(B).)[16] The determination of what action to take shall be made by counsel, in consultation with the separate guardian ad litem. (Bus. & Prof. Code, § 6068, subd. (c).)

Accordingly, the juvenile court has the discretion to either seek counsel or authorize the separate guardian ad litem to seek and recommend counsel for appointment by the court. In appointing independent counsel, the court must order that counsel serve on either a pro bono or contingency basis. The court must make the appointment expeditiously, as the limitations periods set forth in Government Code section 911.4 commence once the guardian ad litem is appointed.

## DISPOSITION

The order denying appointment of a separate guardian ad litem is reversed. The matter is remanded to the juvenile court with directions expeditiously to appoint a separate guardian ad litem to act on behalf of the minor by overseeing the potential tort action and otherwise protecting the minor's interests prior to the initiation of civil proceedings. The guardian ad litem may be either a CASA or some other person.

---

[16] If the court contemplates appointing Briggs to handle the potential tort action, the court must first determine that there is no conflict of interest based on the firm's contract with the county or any other reason. Once appointed to represent the minor in the tort action, Briggs will have a duty of loyalty to the minor relative to that action. (*Zador Corp. v. Kwan* (1995) 31 Cal.App.4th 1285, 1293 [37 Cal.Rptr.2d 754] [the fiduciary relationship between counsel and client "means that the attorney has a duty of loyalty to his or her clients"].) Consequently, Briggs should not accept appointment if he feels he cannot fulfill his duty of loyalty because of his contractual relationship with the county. (See *Anderson v. Eaton* (1930) 211 Cal. 113, 116 [293 P. 788] ["an attorney is precluded from assuming any relation which would prevent him from devoting his entire energies to his client's interests"].)

The court expeditiously shall appoint independent counsel to investigate the potential tort claim and initiate and pursue appropriate action on a pro bono or contingency basis.

Nicholson, Acting P. J., and Robie, J., concurred.