Filed 6/2/22  Pantaleon v. L.A. Dept. of Water and Power CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| MARTIN PANTALEON et al., | B308366 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. 20STCV01851) |
| LOS ANGELES DEPARTMENT OF WATER AND POWER, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mary H. Strobel, Judge.  Affirmed.

The Agopoglu Law Corporation and Berc Agopoglu for Plaintiffs and Appellants.

Michael N. Feuer, City Attorney, Scott Marcus, Chief Assistant City Attorney, Blithe S. Bock, Managing Assistant City Attorney, and Shaun Dabby Jacobs, Deputy City Attorney for Defendant and Respondent.

————————————

Martin Pantaleon, Richard D. Pantaleon, Richard L. Pantaleon Vergara, Jadira Y. Vergara, Miriam Fajardo, Maria Pantaleon, Jadira Vergara, and Juan Pantaleon (appellants) filed a petition pursuant to Government Code[1] section 946.6 for relief from the Government Claims Act (§ 810 et seq.) requirement that a plaintiff present a timely claim to the Los Angeles County Department of Water and Power (LADWP) before bringing a tort action against it (§§ 911.2, 945.4). Appellants had filed an application for relief from the timely filing requirement. But this application for relief was, itself, untimely. The trial court denied the petition on the ground that because the application for relief was itself untimely, the court lacked jurisdiction to act. The court went on to hold that even if the court had jurisdiction, appellants had not shown their failure to timely file their claim was a result of mistake, inadvertence, surprise, or excusable neglect.

The trial court correctly found it was without jurisdiction to grant relief. We affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

According to appellants' petition, their claim against LADWP arose from a house fire on February 19, 2018. Appellants allege that as a result of the fire, they sustained personal injuries and damages, including property damage, physical injuries, and emotional distress. They allege that firefighters who responded to the fire told appellants they believed electrical wires maintained by "Edison" (presumably

---

[1] All statutory references are to the Government Code.

Southern California Edison) caused the fire. Electric power to the house was, in fact, provided by LADWP.

In February 2018, appellants hired an attorney to represent them. According to the attorney, his firm was hired specifically "to sue Edison" for causing the fire "based on fraudulent concealment." The record is silent as to what activities, if any, counsel or appellants undertook to ascertain the party responsible for the maintenance of the wires alleged to have caused the fire.

In May 2019, appellants saw LADWP workers servicing electrical wiring in the area of the home. According to counsel, appellants "then hired our office for the possible LADWP involvement," and on May 19, 2019, counsel presented appellants' claims to LADWP. LADWP returned the claims without action because they had not been presented within the time allowed by law. Appellants then applied on June 3, 2019, for leave to present late claims. They received no response within 45 days, as a result of which the claims were deemed denied by LADWP pursuant to section 911.6, subdivision (c).

On January 15, 2020, appellants petitioned the trial court for relief from the claim presentation requirements. The court found appellants' claim arose on the day of the fire, February 19, 2018, and their application to present a late claim was not filed until more than one year after the accrual of their causes of action. Accordingly, the court ruled it lacked jurisdiction to grant appellants' petition because their late claim application had not been timely filed. Additionally, the court found that even if it did have jurisdiction to grant relief, it would not do so because appellants failed to demonstrate their failure to timely file a

claim was a result of mistake, inadvertence, surprise, or excusable neglect.  Appellants timely appeal.

## DISCUSSION

I.  *Applicable Law*

" ' "The Government Claims Act (§ 810 et seq.) 'establishes certain conditions precedent to the filing of a lawsuit against a public entity.  As relevant here, a plaintiff must timely file a claim for money or damages with the public entity.  (§ 911.2.)  The failure to do so bars the plaintiff from bringing suit against that entity.  (§ 945.4.)' " ' " (*Le Mere v. Los Angeles Unified School Dist.* (2019) 35 Cal.App.5th 237, 246.)

Section 911.2, subdivision (a) provides that claims against a public entity for injury to persons or personal property "shall be presented . . . not later than six months after the accrual of the cause of action."  A claimant who has failed to present a claim during the six-month time period may make "a written application . . . to the public entity for leave to present that claim."  (§ 911.4, subd. (a).)  The application must be made "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim."  (§ 911.4, subd. (b).)  If the application is denied, a claimant may petition the trial court pursuant to section 946.6 for relief from the claims presentation requirement.  (§ 946.6, subd. (a).)

"Section 946.6 provides a procedure for relieving a party from the condition precedent of presenting a timely claim to a public entity before commencing an action against the public entity on the cause of action contained in the claim.  [Citation.]  In order to obtain relief, the party must establish that an application to the public entity for leave to file a late claim

4

(§ 911.4) was filed in a reasonable period of time (not to exceed one year) after the accrual of the cause of action for reasons of inadvertence, mistake, surprise, or excusable neglect akin to the showing necessary for relief from default." (*DeVore v. Department of California Highway Patrol* (2013) 221 Cal.App.4th 454, 459 (*DeVore*).)

"When an application to file a late claim is itself not timely filed, . . . the court is without jurisdiction to grant relief under section 946.6." (*County of Los Angeles v. Superior Court* (2001) 91 Cal.App.4th 1303, 1314, superseded by statute on other grounds as stated in *In re Nicole H.* (2011) 201 Cal.App.4th 388, 400, fn. 12.) An order denying a section 946.6 petition is an appealable order. (*DeVore, supra,* 221 Cal.App.4th at p. 459.)

II.  ***Appellants' Causes of Action Accrued February 19, 2018***

In order for a trial court to relieve a petitioner from the claim presentation requirements of section 945.4, the court must find, inter alia, that the petitioner's application to present a late claim to the public entity was made within a reasonable time not to exceed one year after the cause of action accrued. (§§ 946.6, subd. (c); 911.4, subd. (b).) In most circumstances, a cause of action accrues " 'when the act occurs which gives rise to the claim [citation], that is, when "the plaintiff sustains actual and appreciable harm. [Citation.] Any 'manifest and palpable' injury will commence the statutory period." ' " (*Costa Serena Owners Coalition v. Costa Serena Architectural Com.* (2009) 175 Cal.App.4th 1175, 1195–1196; see also *Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1191 [cause of action accrues when it is complete with all of its elements: wrongdoing, harm, and causation].) When a cause of action

5

accrues is a question of fact, and the trial court's finding on the accrual of a cause of action is upheld on appeal if supported by substantial evidence. (*Institoris v. City of Los Angeles* (1989) 210 Cal.App.3d 10, 17.)

In their petition, appellants acknowledged their claim against LADWP "arises from [a] house fire that occurred on February 19, 2018." Appellants' declaration in support of their application to file a late claim states that on February 19, 2018, a fire burned the house and "caused severe property and emotional distress damages to us." Also on that date, firefighters on the scene told appellants they believed the fire was caused by electrical wiring and that Edison maintained those wires. As appellants sustained their injuries on the day of the fire and the elements of their causes of action were complete at that time, the trial court properly concluded that the causes of action accrued on February 19, 2018, the day of the fire.

Appellants, however, argue their claims did not accrue on the date of the fire because of "fraudulent concealment." According to appellants, the firefighters made a fraudulent representation when, after extinguishing the fire, they said they believed the fire began with electrical wires maintained by Edison. Appellants contend that under the delayed discovery doctrine, their claim did not accrue until over a year later in May 2019, when they saw LADWP workers servicing electrical lines in their area and realized their electrical provider could be responsible for maintenance of the electrical system.

Appellants' argument is meritless. First, appellants allege no facts supporting their claim that the firefighters were aware that the electrical lines were maintained by LADWP, but fraudulently concealed that fact from them. Second, application

6

of the delayed discovery doctrine requires appellants to show " ' "the inability to have made earlier discovery despite reasonable diligence." ' " (*Grisham v. Philip Morris U.S.A., Inc.* (2007) 40 Cal.4th 623, 638.) Appellants have made no showing they used reasonable diligence but still could not have discovered earlier that LADWP maintained the electrical lines. Their opening brief makes a conclusory assertion that "[D]espite the attorney's effort, the attorney has not heard any news about who is responsible for the maintenance of the electrical wires and electrical posts at close proximity to the house." But appellants say nothing about any specific inquiries or actions they or their counsel undertook to ascertain the party responsible for the wire and post maintenance. Instead, they complain they "have not received any incident reports from the Fire Department or LADWP." They neither cite authority indicating they were owed such reports nor do they offer argument as to how the absence of those reports relieve them of their obligation to investigate the proper party against whom to make a claim. Moreover, LADWP was appellants' electrical provider, and they were reminded periodically of that fact after the fire because LADWP continued to bill them. The trial court correctly concluded appellants did not exercise reasonable diligence when they provided no information about any investigation they undertook into ascertaining the identity of the party responsible for the electrical wiring. There is no substantial evidence to support appellants' accrual argument. They have failed to establish their causes of action accrued later than February 19, 2018.

III. ***The Trial Court Was Without Jurisdiction to Grant the Petition***

Because appellants' causes of action accrued on February 19, 2018, and it is undisputed they filed their application to present a late claim more than one year later on June 3, 2019, they failed to satisfy the requirement that the application to present a late claim to the public entity be made within a reasonable time not to exceed one year after the causes of action accrued. (§§ 946.6, subd. (c); 911.4, subd. (b).)

Appellants argue that because Richard L. Pantaleon Vergara[2] was a minor for the entirety of the time set forth by statute for the presentation of the claim, he is entitled to have the petition granted as to him pursuant to sections 911.6 and 946.6. Section 911.6, subdivision (b)(2) does state that a public entity "shall" grant a late claim application if "[t]he person who sustained the alleged injury, damage, or loss was a minor during all of the time . . . for the presentation of the claim." (§ 911.6, subd. (b)(2).) However, "section 911.4's requirement that the late-claim application be presented within a 'reasonable time' is applicable even to late-claim applications by minors." (*Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020, 1029.) Accordingly, the California Supreme Court has held that "[a] minor is entitled to relief whether or not the minor's parents

---

[2]    Appellants claim the minor appellant is named Richard D. Pantaleon. However, the record indicates Richard D. Pantaleon is Richard Daby Pantaleon, born in 1995 and therefore not a minor at any time relevant to this petition. Appellant Richard L. Pantaleon Vergara, however, was born in 2017. We assume appellants intended this argument to pertain to minor Richard L. Pantaleon Vergara and discuss the issue as to him.

or counsel acted diligently, *so long as the application is made within the year after the cause of action accrued.*" (*J.M. v. Huntington Beach Union High School Dist.* (2017) 2 Cal.5th 648, 652, italics added.) As Richard L. Pantaleon Vergara's application to present a late claim, like the applications of the other appellants, was not filed within one year of accrual of his cause of action, he is not entitled to relief pursuant to these provisions.

The trial court properly concluded it was without jurisdiction to grant the petition.[3] (*County of Los Angeles v. Superior Court*, *supra*, 91 Cal.App.4th at p. 1314 [court lacks jurisdiction to grant relief under section 946.6 when the application to file a late claim was not timely filed].)

---

[3] Our conclusion that the trial court lacked jurisdiction to grant relief makes it unnecessary to address appellants' other arguments.

## DISPOSITION

The order is affirmed.  Respondent shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, P. J.

We concur:


GRIMES, J.


HARUTUNIAN, J.*

---

\* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.